**Inocencio Fernando CASTANHO, Plaintiff-Appellee,**

v.

**JACKSON MARINE, INC., Jackson Marine, S.A. and Jackson Marine Services, N.V., Defendants-Appellants.**

**In re JACKSON MARINE CORPORATION, Jackson Marine, S.A. and Jackson Marine Services, N.V., Petitioners.**

**Nos. 80–1995, 80–2190.**

United States Court of Appeals, Fifth Circuit. Unit A

June 25, 1981.

Eugene J. Silva, Houston, Tex., for defendants-appellants in both cases.

Benton Musslewhite, Robert A. Chaffin, Houston, Tex., Joe H. Tonahill, Jasper, Tex., for plaintiff-appellant in both cases.

Vinson & Elkins, Houston, Tex., for defendants-appellants in No. 80–2190.

Before REAVLEY, RANDALL and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

This action is a maritime personal injury suit brought in the United States District Court for the Eastern District of Texas by Inocencio Castanho, a Portuguese citizen, against three corporate defendants which Castanho alleges owned or controlled the ship on which he was injured. The action has not yet gone to trial and only two

narrow issues are now before us. First, the defendants seek an interlocutory appeal, under 28 U.S.C. § 1292(a)(1), from the district court's decision refusing to enjoin Castanho from proceeding with this action and from instituting any other such action in America, pending the completion of proceedings already begun by Castanho on the same cause of action in England. Second, the defendants seek to challenge the district court's refusal to dismiss this case on the basis of *forum non conveniens*; the defendants raise this issue by petitioning this court for a writ of mandamus directing the district court to dismiss the case. We hold that the district court's refusal to enjoin Castanho from proceeding with this action is not in this case an appealable interlocutory order; that the court's refusal to enjoin Castanho from instituting any other such action in America is appealable, but was not an abuse of the district court's discretion; and that mandamus is not in this case a proper remedy for the district court's refusal to dismiss for *forum non conveniens*. We therefore dismiss the appeal in part, affirm the district court insofar as its order refusing an injunction is appealable, and deny the petition for mandamus.

## I. THE DEFENDANTS' INTERLOCUTORY APPEAL OF THE DISTRICT COURT'S DENIAL OF THEIR MOTION TO ENJOIN THE PLAINTIFF

On September 17, 1979, the defendants moved, *inter alia*, to stay the district court proceedings in this action pending the outcome of the English proceedings. Record at 10, 50–54. The district court denied the motion to stay on December 14, 1979. *Castanho v. Jackson Marine, Inc.*, 484 F.Supp. 201, 207–09 (E.D.Tex.1980) (appendix). The defendants then moved to certify the court's denial of a stay as an appealable interlocutory order under 28 U.S.C. § 1292(b), but the district court declined to so certify its decision. *Id.* at 203–04.

On July 30, 1980, the defendants filed a motion "to enjoin plaintiff from proceeding with this action." Record at 358. The mo-

tion had two separate components: first, the defendants sought to enjoin Castanho from prosecuting this particular action; and second, the defendants sought to enjoin Castanho from proceeding "in any other American court on this cause of action." The district court denied this motion on August 29, 1980. Record at 453. The court noted that the defendants' arguments in support of their motion to enjoin Castanho merely "mirror[ed] their arguments" in favor of earlier motions to dismiss the action for lack of *in personam* jurisdiction and for *forum non conveniens*, and described the motion to enjoin as "a transparent attempt to convert a nonappealable order into an appealable one, pursuant to 28 U.S.C. § 1292(a)(1)."

The defendants now seek to appeal the district court's denial of their motion to enjoin Castanho; they argue that the court's decision is an appealable interlocutory order under 28 U.S.C. § 1292(a)(1), which provision allows interlocutory appeals from district court orders refusing injunctions. The defendants are correct in their contention that refusals to grant injunctions are ordinarily appealable under section 1292(a)(1); however, the order which the defendants now seek to appeal can only in part be treated as the refusal of an injunction within the meaning of that section.

The first part of the defendants' motion requests an injunction against further proceedings in this action. Although the request is labelled as a motion for an injunction, the request is in fact no more than an additional motion to stay proceedings before the court. If a district court acts to halt proceedings in *another* court, its action is indeed an injunction within the meaning of section 1292(a)(1); where a court acts to halt proceedings on *its own docket*, however, that action "is not an injunction but merely a calendar order issued under the court's inherent power to regulate the administration of its own business." *Anderson v. United States*, 520 F.2d 1027, 1028 (5th Cir. 1975), *quoting Penoro v. Rederi A/B Disa*, 376 F.2d 125, 128 (2d Cir.), *cert. denied*, 389 U.S. 852, 88 S.Ct. 78, 19

L.Ed.2d 122 (1967). *See* 16 C. Wright, A. Miller, E. Cooper & E. Gressman, *Federal Practice and Procedure* § 3923 (1977). The distinction is crucial, for a stay of proceedings before the court is not an appealable order unless it is sought to permit the prior determination of an equitable defense or counterclaim in an action brought at law. *Anderson v. United States, supra. See* C. Wright, A. Miller, E. Cooper & E. Gressman, *supra.* The defendants do not argue that their request to stay proceedings was one of that narrow category of stays which is appealable; instead, they contend only that their request was an injunction within the meaning of section 1292(a)(1). Defendants' Reply Brief at 13. Since their request for a stay clearly is *not* a motion for an injunction, we must conclude that the district court's decision on that request is not an appealable interlocutory order.

■ The second part of the defendants' motion to enjoin asks the court to enjoin Castanho from proceeding in any *other* American court. This part of the defendants' motion does indeed seek an injunction within the meaning of section 1292(a)(1), for it requests an order halting the plaintiff's prosecution of his cause of action in other courts. Therefore the district court's denial of this portion of the plaintiff's motion to enjoin Castanho is an appealable interlocutory order and is properly before us. However, we must conclude that the district court did not abuse its discretion by refusing to grant this injunction. The court found that Castanho's purpose in bringing the instant suit was "the relative advantage of bringing his lawsuit in the United States, rather than in England;" most importantly, Castanho was attracted by "the lure of larger damage awards in these courts." 484 F.Supp. at 207–08. If the district court had *granted* the defendants' motion to stay these proceedings, an injunction against the institution of like proceedings elsewhere in America might have been necessary fully to protect the defendants. Since the court *refused* that request, however, there is no reason for Castanho to bring another action elsewhere, for he already has an American forum for his claim. The defendants have not demonstrated any likelihood that Castanho will institute suit in another American court despite the district court's refusal to stay the action now before it; if and when the defendants become threatened by such a suit, they may of course urge a new motion to enjoin Castanho from bringing such an action. The decision on a motion to enjoin a party is ordinarily within the discretion of the district court, *Hecht Co. v. Bowles,* 321 U.S. 321, 329–30, 64 S.Ct. 587, 591–592, 88 L.Ed. 754 (1944), and we find no abuse of discretion in this case.

## II. THE DEFENDANTS' PETITION FOR A WRIT OF MANDAMUS TO DIRECT THE DISTRICT COURT TO DISMISS THIS ACTION ON THE BASIS OF *FORUM NON CONVENIENS*

Along with their motion to stay the district court proceedings on September 17, 1979, the defendants also moved to dismiss the action on the basis of *forum non conveniens.* The court denied the motion in a memorandum opinion dated February 14, 1980. *Castanho v. Jackson Marine, Inc.,* 484 F.Supp. 201, 206–07 (E.D.Tex.1980).

■ The defendants now petition this court for a writ of mandamus directing the district court to dismiss this action on the basis of *forum non conveniens.* They argue, in brief, that they are entitled to such a writ on the basis of the standard enunciated in *Carter v. Seamans,* 411 F.2d 767, 773 (5th Cir. 1969). That standard requires the petitioner to demonstrate (1) a clear right in the petitioner to the relief sought; (2) a clear duty on the part of the defendant to do the act in question; and (3) the absence of any other adequate remedy. Although the plaintiff does not dispute the relevance of this standard, we notice *sua sponte* that it is inapplicable to the defendants' mandamus petition. *Carter v. Seamans* and the authority relied on therein pertain to petitions brought pursuant to 28 U.S.C. § 1361, which grants jurisdiction to the *district courts* over any action seeking a writ of

mandamus "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Our authority to grant the defendants' petition must be found, if at all, in 28 U.S.C. § 1651, which is commonly known as the "All Writs Statute." That statute authorizes the Supreme Court and all courts established by Act of Congress to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

We have not specifically set forth an appropriate standard for the consideration of a petition for a writ of mandamus brought under this statute and aimed at the district court's refusal to dismiss an action on the basis of *forum non conveniens* ; however, we have on several occasions decided the propriety of such a petition in the context of a district court decision on a motion to transfer under 28 U.S.C. § 1404(a), a statute which codifies (with some amendment) the common law doctrine of *forum non conveniens. See* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1352 (1969). The question of *forum non conveniens* arises in this case in the form of a motion to dismiss rather than a motion to transfer under section 1404(a) only because the alternative forum is a foreign nation and thus no transfer is possible. *See id.* We perceive no reason why a petition for a writ of mandamus aimed at the district court's decision on the applicability of *forum non conveniens* should be treated any differently when based on a motion to dismiss than when based on a motion to transfer, and we therefore turn to the standard applied to petitions involving district court decisions on section 1404(a) transfer motions.

In *Ex Parte Charles Pfizer & Co.*, 225 F.2d 720 (5th Cir. 1955), we held that a writ of mandamus could not be issued to direct the district courts to enter or vacate orders of transfer under section 1404(a) absent "a failure of the District Court to correctly construe and apply the statute, or to consider the relevant factors incident to ruling upon a motion to transfer, or unless it is necessary to correct a clear abuse of discre-

tion." 225 F.2d at 723. Our decisions make it clear that mandamus is an extremely limited means of challenging the district court's discretion in this area; as *Pfizer* indicates, a party seeking such a writ must demonstrate a failure on the part of the district court correctly to construe and apply the relevant factors, or must show some clear abuse of discretion in the court's decision on the *forum non conveniens* issue. *See Garner v. Wolfinbarger*, 433 F.2d 117, 120–21 (5th Cir. 1970); *Ex Parte Pharma-Craft Corp.*, 236 F.2d 911 (5th Cir. 1956); *In re First National Bank of Montgomery*, 233 F.2d 876 (5th Cir. 1956). This standard has been strictly applied. As some commentators have noted, "the Fifth Circuit ... never has found [in a decision on a motion to transfer under section 1404(a)] an abuse of discretion sufficiently clear to justify mandamus." 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3855, at 314 (1976).

■ The defendants argue that the doctrine of *forum non conveniens* dictates the dismissal of this action because of a number of factors making England the most convenient forum to try this case. They contend, in brief, that relevant evidence and witnesses are more accessible in England; that pertinent events (the employment contract, the injury, and subsequent medical treatment) occurred in England; that two lawsuits on the same cause of action were pending in England; and that an American judgment may not have *res judicata* effect in England. These factors may indeed point in favor of English proceedings. Still, however, we cannot conclude that the district court has so misapplied the relevant factors or has so abused its discretion that a writ of mandamus may properly be issued. The district court's discussion of the *forum non conveniens* doctrine, 484 F.Supp. at 206–07, indicates that the court did not ignore the important considerations urged by the defendants. Instead, the court balanced those factors against a number of other considerations which are also relevant and which point in the other direction. The court emphasized, for example, the plaintiff's choice of an American forum; the

plaintiff's fear that an English judgment would be difficult to collect because of the defendants' limited assets in England; the presence in Texas of the corporate headquarters of the principal defendant; and the availability in America of certain employees of one of the defendants. In short, "what is urged upon us is that on balance [England] is a more convenient forum than [America]. That is not the basis for a writ." *Garner v. Wolfinbarger, supra,* at 121.

### III.

We dismiss the defendants' appeal from the district court's denial of their motion to enjoin Castanho from proceeding with this action, affirm the district court's denial of the defendants' motion to enjoin Castanho from instituting any other such action in America, and deny the defendants' petition for a writ of mandamus directing the district court to dismiss this action on the basis of *forum non conveniens.* Costs shall be taxed against the defendants-appellants.

APPEAL DISMISSED IN PART, ORDER AFFIRMED IN PART, and PETITION DENIED.