**TENNECO RESINS, INC., and Tenn-USS Chemicals Co., Plaintiffs-Appellees,**

v.

**DAVY INTERNATIONAL, AG and/or Davy McKee International, AG, Defendants-Appellants.**

No. 84–2676
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Aug. 6, 1985.

Steven K. DeWolf, Butler & Binion, Allied Bank Plaza, Houston, Tex., for defendants-appellants.

Edward J. Murphy, Bettina Ellen Brownstein, Houston, Tex., for Tenneco Resins, Inc.

Robert M. Julian, Houston, Tex., for Atlantic Cargo Services.

Before CLARK, Chief Judge, GARWOOD and DAVIS, Circuit Judges.

GARWOOD, Circuit Judge:

Defendant appeals the denial of its motion to stay the district court proceedings pending arbitration. We reverse.

## FACTS AND PROCEEDINGS BELOW

On May 16, 1980, appellant, Davy McKee Ag (Davy), contracted with appellee, Tenneco Resins, Inc. (Tenneco), to supply catalyst on the basis of F.O.B. North German Seaport. That contract also provided that:

"If any dispute or difference shall arise, except with respect to patent law of the United States ... [it] shall be referred to arbitration under the commercial rules of the American Arbitration Association, the place of arbitration being New York, New York, U.S.A."

Tenneco's rights and obligations under this contract were subsequently assigned to Tenn-USS, a joint venture between Tenneco and United States Steel. In October 1982, 870 drums of catalyst were placed aboard the vessel, M/V FINN ROSE, in Bremen, West Germany, and a clean bill of lading was issued. When the drums of catalyst arrived at appellee's plant in Pasadena, Texas, 538 of the drums were heavily damaged.

In September 1983, appellee originally filed suit against Davy and others.[1] In its answer of November 17, 1983, Davy alleged as a defense that the action should be dismissed because the dispute was covered by a valid and enforceable arbitration clause in the contract between the parties. Davy also served Tenneco with Interrogatories and a Request for Production of Documents. Tenneco responded to both.

On January 26, 1984, Tenneco noticed the deposition of a Davy corporate representative for Houston, Texas. On February 7, 1984, Davy filed a Motion for a Protective Order and/or a Motion to Quash the deposition. On February 17, 1984, the district court ordered depositions to be taken at appellant's corporate headquarters in West

---

1. On October 28, 1983, in its first amended complaint, Tenneco sued M/V FINN ROSE, O/Y Merivienti, O/Y Finnlines, Ltd., O.T. Rederierna, Atlantic Cargo Services, AB, Strachan Shipping Company and/or Strachan Shipping Company of Texas, Zust Bachmeier of Switzerland, Inc. and/or Zust Bachmeier, Ag, as well as Davy.

Germany. On April 9, 1984, Tenneco filed a Motion for a Protective Order asking the court to require Davy to produce witnesses in Germany or be subject to sanctions. In response, Davy asked that the court deny Tenneco's Motion for a Protective Order and/or order Davy to comply with the procedural requirements of the Hague Convention on taking evidence abroad in civil and commercial cases. On April 18, 1984, the district court held a hearing to consider Tenneco's motion to compel Davy to produce witnesses, and, on April 19, 1984, the district court ordered Davy to produce the designated corporate representatives and documents in Germany, noting that Davy had willingly volunteered to do so.

Prior to that hearing, on April 16, 1984, Davy had filed its Motion to Stay the proceedings pending arbitration. At the hearing of April 18, counsel for Davy raised the issue of whether its production of requested witnesses and documents would be considered evidence of waiver of the right to arbitrate. The court stated that, in considering the April 16 Motion to Stay, anything that happened after the motion was filed would be considered to have been done under court compulsion which would not cause waiver of the right to arbitrate. The court did also state that actions taken by Davy before filing of the motion would be considered voluntary. The district court heard and denied Davy's Motion to Stay, from which order Davy prosecutes this appeal.

2. Appellee relies on *Castanho v. Jackson Marine, Inc.*, 650 F.2d 546 (5th Cir.1981). In that maritime personal injury suit brought by a Portuguese citizen against three corporate defendants, this Court was asked to determine the appealability of the district court's refusal to enjoin Castanho from proceeding with that particular action and from instituting any other such action in American courts pending completion of judicial proceedings begun in England on the same cause of action. This Court determined that the district court's refusal to enjoin the action in that court was not appealable as "where a court acts to halt proceedings on *its own docket*, however, that action 'is not an injunction but merely a calendar order issued under the court's inherent power to regulate the administration of its own business.' The distinction is crucial, for a stay of proceedings … is not an appealable order unless it is sought to

## DISCUSSION

### A. Jurisdiction

■ 1. *Appealability.* Appellee contends that this Court lacks jurisdiction over Davy's appeal because the district court's order denying appellant's motion to stay litigation pending arbitration is not an appealable order. Title 28 U.S.C. § 1292(a)(1) provides a statutory exception to the final judgment rule for injunctive orders. Under 28 U.S.C. § 1292(a)(1), an order granting or denying a stay of proceedings may be appealable as an order equivalent to an injunction. This Circuit has stated the rule:

"An order staying or refusing to stay proceedings in the District Court is appealable under § 1292(a)(1) only if (A) the action in which the order was made is an action which, before the fusion of law and equity, was by its nature an action at law; *and* (B) the stay was sought to permit the prior determination of some *equitable* defense or counterclaim." *Jackson Brewing Company v. Clarke,* 303 F.2d 844, 845 (5th Cir.) (emphasis in original), *cert. denied,* 371 U.S. 891, 83 S.Ct. 190, 9 L.Ed.2d 124 (1962).

■ Appellee concedes that, since this action is based on a contract, the first prong of the *Jackson Brewing* test is satisfied but argues that the second prong is not met.[2] However, it is clearly settled

permit the prior determination of an equitable defense or counterclaim in an action brought at law." *Id.* at 548–49 (citations omitted). The refusal to enjoin proceedings in other American courts *was* held appealable in *Castanho* as that part of the defendant's motion did seek an injunction. Appellee seems to contend that the fact that there were no ongoing arbitration proceedings means that "there were no proceedings in another forum, and nothing for the district court to either enjoin or refuse to enjoin," making this case analogous to the motion for the district court to stay its own proceedings in *Castanho* rather than the motion to stop proceedings in another court. However, the *Jackson Brewing* rule is based on the *Enelow-Ettelson* doctrine, *Federal Civil Appellate Jurisdiction: An Interlocutory Restatement,* Law & Contemp. Probs., Spr. 1984, at 11, 131–32; *see Enelow v.*

that, when a stay of proceedings is granted or denied in a contract action, which is clearly legal, pending arbitration proceedings, which are equitable in nature, the order falls within the rule and is appealable. *Coastal Industries v. Automatic Steam Products*, 654 F.2d 375, 377 n. 1 (5th Cir.1981); *Wick v. Atlantic Marine, Inc.*, 605 F.2d 166, 167–68 n. 2 (5th Cir. 1979); *J.S. & H. Construction Co. v. Richmond County Hospital Authority*, 473 F.2d 212, 213 n. 1 (5th Cir.1973).

■ 2. *Ripeness.* Appellee also contends that this appeal must fail for lack of ripeness. Appellee argues that Davy's Motion to Stay and this appeal are premature because Davy has never pursued arbitration by making an arbitration demand which has been refused by Tenneco. Appellee cites no authority for the proposition that defendant-appellant must have commenced arbitration proceedings before seeking to stay proceedings in the district court. Appellant refers us to *Shanferoke Coal & Supply Corp. v. Westchester Service Corp.*, 293 U.S. 449, 55 S.Ct. 313, 79 L.Ed. 583 (1935). In that case, Shanferoke Coal & Supply Corporation brought a contract action in federal district court to which the defendants set up in its answer as a special defense that the dispute was arbitrable under the terms of the contract and that the plaintiff had not proceeded with arbitration.[3] Defendants subsequent-

ly moved for a stay pending arbitration. The district court denied the stay, but, in a decision which the United States Supreme Court affirmed in *Shanferoke*, the Second Circuit reversed and granted the stay of litigation, though no affirmative demand for arbitration had been made and no motion to compel arbitration had been sought and, evidently, there were as yet no ongoing arbitration proceedings. *Id.* at 453–54, 55 S.Ct. at 315.

In *General Guaranty Insurance Co. v. New Orleans General Agency, Inc.*, 427 F.2d 924 (5th Cir.1970), this Circuit stated that it is not necessary that the party moving for a stay of proceedings have made a pre-suit demand for arbitration. For, "[r]equiring pre-suit demand will place on the party sought to be charged the duty to institute proceedings which may establish his own liability, though if he remains inactive the claims asserted against him may never be formally pressed in either arbitration or court proceedings...." *Id.* at 928; *see also Coastal Industries v. Automatic Steam Products Corp.*, 654 F.2d 375, 376 (5th Cir.1981) (in response to filing of suit, defendant sought stay of proceedings under 9 U.S.C. § 3 alleging existence of arbitration agreement and subsequently requested arbitration); *J.S. & H. Construction Co. v. Richmond County Hospital Authority*, 473 F.2d 212, 214 (5th Cir.1973) (after suit and cross-claim filed, two co-de-

*New York Life Ins. Co.*, 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440 (1935); *Ettelson v. Metropolitan Life Ins. Co.*, 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed. 176 (1942), which, in turn, is based on the former separation of law and equity courts, analogizing the grant or denial of a stay in a legal action pending resolution of an equitable defense or counterclaim to a situation in which an equity court would have granted or denied a request to enjoin proceedings in a court of law.

**3.** In *Shanferoke*, evidently the defendant had notified plaintiff that it was ready and willing to submit the dispute to arbitration prior to commencement of the action and continued in its willingness to arbitrate, but that plaintiff had refused to proceed with arbitration. In this case, there was no similar pre-suit notification to appellee that appellant would arbitrate. However, apparently appellee did not notify appellant of its claim prior to commencing litiga-

tion, so that appellant's first notice of the claim was the filing of suit. In its answer—its earliest opportunity—appellant raised arbitrability of the claim as a defense. Therefore, despite the slight dissimilarity in facts, *Shanferoke* does bolster appellant's argument that a defendant need not commence arbitration proceedings when it is plaintiff's claim which is at issue, and defendant's failure to do so will not preclude granting a stay of proceedings pending arbitration. Indeed, the Second Circuit opinion in *Shanferoke* specifically stated that the defendant was not in default in proceeding with arbitration within the meaning of 9 U.S.C. § 3, though it had not named an arbitrator but merely expressed its willingness to submit to arbitration in its answer and affidavits. That Court found this response to be sufficient. *Shanferoke Coal & Supply Corp. v. Westchester Service Corp.*, 70 F.2d 297, 299 (2d Cir.1934), *aff'd*, 293 U.S. 449, 55 S.Ct. 313, 79 L.Ed. 583 (1935).

fendants sought stay pending arbitration); *Hilti, Inc. v. Oldach*, 392 F.2d 368, 370 (1st Cir.1968) (delay of nearly two years before demanding arbitration is not failure to proceed with such arbitration with diligence when during course of initial litigation defendant had invoked arbitration agreement in initial motion to dismiss, in its answer, and in a motion for summary judgment).

We hold the denial of stay is an appealable order properly before us for review.

### B. Denial of Motion

1. *Waiver.* Appellee argues that, if this Court has jurisdiction to consider the lower court's denial of the motion to stay pending arbitration, the lower court's ruling should in any event be upheld because Davy is in default on its right to arbitrate under section 3 of the Arbitration Act, 9 U.S.C. § 3,[4] by virtue of its active participation in this lawsuit which has prejudiced Tenneco. In support of this contention, appellee points out that, prior to moving for a stay,[5] Davy filed an answer to Tenneco's complaint, filed interrogatories and a request for production of documents, moved for a protective order, and agreed to a joint motion for continuance requesting an extension of the discovery period.

■ "The burden on one seeking to prove a waiver of arbitration is a heavy one." *Sibley v. Tandy Corp.*, 543 F.2d 540, 542 (5th Cir.1976), *cert. denied*, 434 U.S. 824, 98 S.Ct. 71, 54 L.Ed.2d 82 (1977). "Moreover, where as here the party seeking arbitration has made a timely demand for arbitration at or before the commencement of judicial proceedings in the Trial Court, the burden of proving waiver falls even more heavily on the shoulders of the party seeking to prove waiver." *Southwest Industrial Import & Export, Inc. v. Wilmod Co., Inc.*, 524 F.2d 468, 470 (5th Cir.1975). Thus, "[o]nce the defendant, *by answer*, has given notice of insisting on arbitration the burden is heavy on the party seeking to prove waiver." *General Guaranty Insurance Co. v. New Orleans General Agency, Inc.*, 427 F.2d 924, 929 n. 5 (5th Cir.1970) (emphasis added). Although Davy did not move for a stay pending arbitration until approximately eight months into the litigation, in its answer to the original complaint, Davy did seek to have the action dismissed because the dispute was covered by a valid and enforceable arbitration clause thereby putting Tenneco on notice as to its desire to arbitrate the matter.

■ The question of what constitutes a waiver of the right of arbitration depends on the facts of each case. *Burton-Dixie Corp. v. Timothy McCarthy Construction Co., Inc.*, 436 F.2d 405, 406 (5th Cir.1971). Under the circumstances of this case, the record does not fairly support a conclusion that Davy has substantially utilized the legal process before moving for a stay of judicial proceedings so that the dispute could be settled by arbitration. While it is true that Davy waited almost eight months before moving that the district court proceedings be stayed pending arbitration, and, in the meantime, participated in dis-

---

**4.** Section 3 of 9 U.S.C. provides:

"If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."

**5.** Besides pointing out appellant's pre-motion judicial activity, appellee notes that Davy cross-

claimed against its co-defendants after moving for the stay. This occurred after Davy's motion to stay was denied. At that point, it seems clear that appellant could not be expected to rely upon this Court's reversing the lower court's denial of its motion to stay and could take whatever steps it felt necessary to protect its interest in the proceedings in the lower court. This also applies to discovery proceedings after denial of the stay. Moreover, the district court indicated at the April 18 hearing that it would not consider any action taken after the motion to stay was made in determining the waiver issue.

covery, this and other courts have allowed such actions as well as considerably more activity without finding that a party has waived a contractual right to arbitrate. *Southwest Industrial Import & Export, Inc. v. Wilmod Co., Inc.*, 524 F.2d 468 (5th Cir.1975) (seller-mover's participation in settlement discussions and self-help measure of reselling goods in dispute did not amount to waiver of contractual right to arbitrate); *General Guaranty Insurance Co. v. New Orleans General Agency Inc.*, 427 F.2d 924 (5th Cir.1970) (not waiver when moving party filed answer denying liability and counterclaims, attempted to implead parties, and allowed taking of two depositions before demanding arbitration); *J. & S. Construction Co., Inc. v. Travelers Indemnity*, 520 F.2d 809 (1st Cir.1975) (defendant answered, demanded jury trial, answered interrogatories, permitted depositions, and waited thirteen months to move for stay without waiving right to arbitrate); *Hilti, Inc. v. Oldach*, 392 F.2d 368 (1st Cir.1968) (right to arbitrate not waived by answering complaint on merits, participating in extensive discovery, and waiting nearly two years to demand arbitration particularly when defendant had initially moved for dismissal based on arbitration clause and asserted as special defense in its answer that certain claims were arbitrable); *Carcich v. Rederi A/B NORDIE*, 389 F.2d 692 (2d Cir.1968) (third-party defendant participated in pre-trial procedures two years before requesting stay without waiving right to arbitration); *American Dairy Corp. v. Tantillo*, 536 F.Supp. 718 (M.D.La. 1982) (defendants filed counterclaim, answered plaintiff's interrogatories, filed interrogatories and motion for production, and waited nine months before filing motion to stay); *but cf. Cornell & Co., Inc. v. Barber and Ross Co.*, 360 F.2d 512 (D.C. Cir.1966) (defendant waived right to arbitrate when it moved for transfer of venue, filed answer to complaint, counterclaim, and notice of depositions, took deposition of officer of plaintiff's company, and procured production of various records and documents over four-month period before communicating intent to arbitrate).

Appellee also contends that it has been prejudiced by appellant's participation in the litigation in two ways. First, it contends that Davy has taken advantage of substantial judicial discovery procedures not available in arbitration. The Second Circuit has indicated, in a case in which it found no waiver of the right to arbitrate, that the taking of unfair advantage of discovery proceedings which would not have been available in arbitration might constitute sufficient prejudice to infer waiver. *Carcich v. Rederi A/B NORDIE*, 389 F.2d 692, 696 & 696 n. 7 (2d Cir.1968) (citing cases in which party instituting suit utilized discovery proceedings). However, when only a minimal amount of discovery has been conducted, which may also be useful for the purpose of arbitration, the court should not ordinarily infer waiver based upon prejudice to the party opposing the motion to stay litigation, *American Dairy Queen Corp. v. Tantillo*, 536 F.Supp. 718, 721–22 (M.D.La.1982) (minimal discovery conducted during nine-month period between filing of suit and motion to stay pending arbitration, which was limited to matters pertaining to arbitration, not of such magnitude that either party had been prejudiced), particularly when, as here, the defendant clearly stated the desire to arbitrate the matter in its original answer and continued to assert the desire for arbitration during the discovery process.

Appellee also contends that it has been prejudiced because of the time and expense of preparing for trial. However, as appellant points out, appellee was put on notice as to the fact that appellant desired arbitration at the time its answer was filed; less than five months later, during which only the defendant's preliminary interrogatories and request for production were issued and answered, Davy moved to stay proceedings; appellant had no control over the timing of the taking up of its motion by the court, and the district court indicated to appellant that participation in discovery proceedings after its motion was filed would be considered to have been taken under compulsion.

We reject appellee's claim of waiver.

■ 2. *Intertwining.* Appellee contends that the motion to stay judicial proceedings was properly denied because "the dispute between Tenneco and Davy is not easily severable from those claims asserted by and against the other defendants," which are not arbitrable under the agreement, and because "Tenneco would be harmed if it were obliged to arbitrate with Davy and concurrently pursue claims against other defendants in court." This Circuit has previously held that a district court may properly deny a stay pending arbitration of arbitrable claims when those issues are inextricably interwoven with nonarbitrable claims. *Smoky Greenhaw Cotton Co., Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 720 F.2d 1446, 1448 (5th Cir.1983); *Sibley v. Tandy Corp.,* 543 F.2d 540, 543 (5th Cir.1976), *cert. denied,* 434 U.S. 824, 98 S.Ct. 71, 54 L.Ed.2d 82 (1977). However, this Court has stated that this doctrine, as an exception to the broad pro-arbitration policy embodied in the Arbitration Act, was limited to areas, such as federal securities and antitrust laws, for which Congress has determined that such an exception is appropriate. *Tai Ping Insurance Co., Ltd. v. M/V WARSCHAU,* 731 F.2d 1141, 1146 (5th Cir.1984). Where, as here, no inherently nonarbitrable issues are involved, and there is no contention that the entire dispute between Tenneco and Davy is not arbitrable, application of the intertwining doctrine would be inappropriate. Moreover, this Circuit has recently held that a district court lacks discretion to decide whether to stay judicial proceedings due to the presence of intertwining nonarbitrable claims, because the United States Supreme Court recently "expressly rejected the intertwining doctrine adopted by the Fifth, Ninth and Eleventh Circuits." *Austin Municipal Securities v. National Association of Securities Dealers, Inc.,* 757 F.2d 676, 697 (5th Cir.1985) (citing *Dean Witter Reynolds, Inc. v. Byrd,* — U.S. ——, 105 S.Ct. 1238, 1241, 84 L.Ed.2d 158 (1985) (Arbitration Act requires district courts to compel arbitration of pendent arbitrable claims when one of the parties files a motion to compel, even where result would be possibly inefficient maintenance of separate proceedings in different forums)).

■ Furthermore, appellee's argument that it would be harmed if obliged to arbitrate with Davy and pursue claims against other defendants in court is unavailing. For the United States Supreme Court has stated that the fact that a party may be forced to resolve related disputes in those two different forums is a misfortune which "occurs because the relevant federal law *requires* piecemeal resolution when necessary to give effect to an arbitration agreement. Under the Arbitration Act, an arbitration agreement must be enforced notwithstanding the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 103 S.Ct. 927, 939, 74 L.Ed.2d 765 (1983) (emphasis in original). This Circuit has followed *Moses Cone* in rejecting the argument of economy of effort as the basis for requiring all facets of a dispute to proceed in litigation. *Tai Ping Insurance Co. Ltd. v. M/V WARSCHAU,* 731 F.2d at 1146 (vacating order staying arbitration proceedings of co-defendants).

We reject appellee's claims based on intertwining and economy of effort.

We accordingly hold that the district court erred in denying appellant's motion to stay.

## CONCLUSION

Having held that the order denying stay is appealable and that the district court erred in denying the stay, we accordingly reverse the district court's denial of the requested stay, and remand the case to the district court with directions to enter an appropriate order staying the proceedings against appellant pending arbitration under the contract between appellee and appellant.

REVERSED and REMANDED WITH DIRECTIONS.