**UNITED STATES of America, for the Use and Benefit of ORLEANS ELECTRIC CONSTRUCTION COMPANY**

v.

**AMC MECHANICAL CONTRACTORS, INC., and Dependable Insurance Company, Inc.**

Civ. A. No. 88–489–A.

United States District Court, M.D. Louisiana.

March 24, 1989.

Craig Kaster, Gunn, Smith & Kaster, Baton Rouge, La., for plaintiff Orleans Elec. Const., Inc.

Roy H. Maughan, Jr., Maughan, Atkinson & Martin, Ltd., Baton Rouge, La., for defendants AMC Mechanical Contractors, Inc. and Dependable Ins.

**RULING ON MOTIONS**

JOHN V. PARKER, Chief Judge.

This matter is before the court on plaintiff's motion to stay proceedings in this Miller Act action, pending arbitration. Defendant has filed a motion to supplement the pleadings and for summary judgment. Timely opposition has been filed. The court finds that there is no need for oral argument. Jurisdiction is allegedly based upon 40 U.S.C. § 270b(b).

Plaintiff, Orleans Electric Construction Co. (Orleans), moves the court to stay proceedings in this action pending arbitration in accordance with the terms of the contract executed between the plaintiff and AMC Mechanical Contractors, Inc. (AMC). AMC was originally hired by the United States Department of Energy to perform construction work on the foam deluge system at the West Hackberry Oil Storage Facility, and the Bayou Choctaw Oil Storage Facility, of the Strategic Petroleum Reserve.

In December 1985, Orleans contracted with AMC to perform electrical work on the project. Article 13 of the written contract between the parties contains the following language concerning the arbitration of disputes: "All claims, disputes and other matters in question arising out of, or relating to, this subcontract, or the breach thereof, shall be decided by arbitration."

Under the Arbitration Act, 9 U.S.C. § 1 et seq., there is a "federal policy favoring arbitration." *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 107 S.Ct. 2332, 2337, 96 L.Ed.2d 185 (1987); quoting, *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983). The act requires that the courts "rigorously enforce agreements to arbitrate." *Id.*, quoting, *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221, 105 S.Ct. 1238, 1243, 84 L.Ed.2d 158 (1985). However, "[t]he right to arbitrate, like any other contract right, can be waived." *Miller Brewing Co. v. Fort Worth Distributing Co.*, 781 F.2d 494, 497 (5th Cir.1986); quoting, *Cornell & Co. v. Barker & Ross Co.*, 360 F.2d 512, 513 (D.C.Cir.1966).

## A. WAIVER OF ARBITRATION

█ In this case, the record shows that suit was filed on June 7, 1988. The instant motion to compel arbitration was filed approximately six months later on January 5, 1989. The threshold issue before the court is whether or not Orleans waived its right to demand arbitration by filing suit and then waiting six months to demand arbitration. In determining whether a waiver has occurred, it is important to note that "[w]aiver of arbitration is not a favored finding, and there is a presumption against it." *Miller Brewing Co. v. Fort Worth Distributing Co.*, 781 F.2d 494, 496 (5th Cir.1986); *see, Lawrence v. Comprehensive Business Services Co.*, 833 F.2d 1159, 1164 (5th Cir.1987).

Plaintiff argues that the filing of this lawsuit is consistent with the arbitration requirement contained in the subcontract. Plaintiff grounds this argument on the fact that the Miller Act places strict time limitations on parties seeking to preserve their rights under the Act, and on the fact that the first paragraphs of the complaint and answer to counterclaim state that suit is filed "subject to the arbitration provisions" of the subcontract. It is plaintiff's position that the demand for arbitration was delayed due to serious settlement negotiations between the parties, and that because the right to arbitration is reserved in the pleadings, defendant cannot now claim prejudice.

Defendant, AMC, argues that by waiting more than six months to move to compel arbitration, Orleans has waived its right to arbitration. Defendant also argues that plaintiff's failure to demand arbitration and file notice with the American Arbitration Association raises serious questions concerning plaintiff's motives in filing this motion to stay. It is defendant's position that plaintiff is only seeking to avoid the consequences of its failure to conduct discovery. Finally, AMC argues that any action that will delay resolution of this matter is prejudicial to defendant.

"The burden of one seeking to prove a waiver of arbitration is a heavy one." *Tenneco Resins, Inc. v. Davy International, AG*, 770 F.2d 416, 420 (5th Cir.1985); quoting, *Sibley v. Tandy Corp.*, 543 F.2d 540, 542 (5th Cir.1976), *cert. denied*, 434 U.S. 824, 98 S.Ct. 71, 54 L.Ed.2d 82 (1977).

█ It cannot be disputed that invoking the litigation process is, on its face, incompatable with seeking arbitration. In the present case, the fact that the plaintiff initiated the suit and then moved for a stay pending arbitration presents a unique situation so far as our research discloses. It is correct, however, that plaintiff did specifically mention arbitration in the complaint and that the time period for preservation of rights against the contractor's bond under the Miller Act is limited. Here plaintiff is simply attempting to insure that it can enforce any judgment or arbitration award that it may obtain.

The record in this case shows that no steps have been taken in the prosecution of this case—between August 1988 and January 1989 the parties were engaged in in-

tense settlement negotiations. No discovery has been taken in this matter, and it appears that little or no progress has been made towards preparation of this case for trial. The court cannot conceive how defendant will be prejudiced by allowing this matter to proceed to arbitration. The claim of prejudice made—that while the suit is pending defendant cannot qualify for bonds on government contracts—will be unchanged whether the matter is litigated or arbitrated and, considering the number of cases now pending in this court, arbitration may well prove to be a quicker resolution of the dispute. Under the unusual circumstances of this case and in the absence of prejudice to defendant, plaintiff is entitled to compel arbitration despite having initiated this law suit.

## B. DEFENDANT'S MOTION TO FILE SUPPLEMENTAL PLEADINGS AND FOR SUMMARY DISMISSAL

■ Defendant also opposes the motion to stay and moves to amend its pleadings and for summary dismissal of this action based on the allegation that counsel for both parties have previously agreed to a valid transaction and compromise of the claim. In support of this motion, AMC submits copies of several letters between the parties in which the possibility of settlement is addressed. AMC contends that when all of the documents are read together, they evidence a valid transaction and compromise under Louisiana law.

It is clear under the law of Louisiana that "[i]n order to have a valid compromise, there must be a meeting of the minds between the parties as to exactly what they intended when the compromise was reached." *Succession of Magnani*, 450 So. 2d 972, 975 (La.App.2d Cir.1984). It is equally clear that a compromise must be reduced to writing and signed by both parties. *Felder v. Georgia Pacific Co.*, 405 So.2d 521, 523 (La.1981). The writing and signature requirements are "to serve as proof of the agreement and the acquiescence therein." *Id.*

Counsel for AMC correctly notes that in *Felder*, the Louisiana Supreme Court recognized that the agreement may be contained in more than one document. However, the court held that for more than one document to satisfy the requirement of a valid compromise agreement, the "two instruments, when read together, [must] outline the obligations each party has to the other and evidence each party's acquiescence in the agreement." 405 So.2d at 524.

In this case, the parties discussed settlement in a series of correspondence. However, the letters relied on by defendant contemplate the execution of a written settlement agreement setting out the obligation of the parties. In a December 2, 1988 letter, counsel for Orleans stated, "[i]n order to know whether we have a settlement, I need to see exactly what you are proposing in writing." The mere mention of a settlement agreement in letters is not sufficient to prove the existence of such an agreement. *See, Jacobson v. Harris*, 503 So.2d 540, 542 (La.App. 4th Cir. 1987) (Fact that record contained several letters which mentioned a settlement agreement was not sufficient when it was clear that no final agreement was reached between the parties).

Under the applicable law, the parties did not enter into a binding settlement of the claim. Furthermore, the arbitration provision of the contract clearly covers the dispute in issue, and AMC has failed to set forth any reason why these claims should not be exempted from arbitration. AMC has, however, raised a valid point concerning plaintiff's ability to delay arbitration. Therefore, plaintiff is directed to proceed to arbitration immediately. Should plaintiff fail to take the necessary measures to initiate arbitration, defendant may petition the court to have the stay lifted.

Accordingly, subject to the above stated condition, plaintiff's motion to stay pending arbitration is hereby GRANTED.

Defendant's motion to file supplemental pleadings and for summary dismissal is hereby DENIED.