COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



TRULY NOLEN OF AMERICA, INC., §

§ No. 08-19-00118-CV

Appellant, §

§ Appeal from the

v. §

§ 327th District Court

OMAR MARTINEZ, §

§ of El Paso County, Texas

Appellee. §

(TC# 2017DCV3006)

§

## **O P I N I O N**

Appellee Omar Martinez (Martinez) filed suit alleging he was wrongfully terminated on a discriminatory basis from his employment with Appellant Truly Nolen of America, Inc. (Truly Nolen) following a workplace injury that he sustained in the course and scope of his employment. After various means of discovery were utilized by both parties during the pendency of the suit, Truly Nolen eventually filed a motion to compel arbitration based on an arbitration agreement signed by Martinez. This motion was filed more than a year and a half after Martinez filed his lawsuit, four days before the discovery period scheduled by the trial court was set to end, and a little over a month before trial was set to begin. Martinez filed a response arguing that no valid agreement existed and that Truly Nolen waived its right to arbitrate by substantially invoking the judicial process to Martinez's detriment. After a hearing, the trial court denied Truly Nolen's

motion to compel arbitration. In one issue, Truly Nolen appeals the trial court's denial of its motion. We affirm.

## BACKGROUND

Martinez was employed at Truly Nolen beginning in 2010. During Truly Nolen's hiring process, it customarily required new employees to sign an "Acceptance of Binding Arbitration – Receipt," and receipt and acknowledgement of Truly Nolen's arbitration policy was a mandatory condition of employment. The acceptance form referenced the arbitration policy and contained an admonition that employees, "Please Read Carefully: Acceptance of this Policy Affects your Legal Rights." Martinez signed the signature block on this form for indicating that the "Binding Arbitration Policy" had been "Agreed to." The arbitration policy applied to any claims of discrimination and prohibited litigation of such claims by Truly Nolen or its employees in court and instead required that such claims be resolved by binding arbitration administered by the American Arbitration Association (AAA). The agreement further provided: "By signing the acceptance form and accepting or continuing employment, the [employee] voluntarily, knowingly and intelligently waives any right he or she may have to seek remedies in court, including the right to a jury trial." As alleged by Martinez in his suit, he was terminated from his employment on May 18, 2017, or weeks after sustaining an on-the-job injury on April 6, 2017.

On August 31, 2017, Martinez filed his original petition alleging that he was wrongfully discharged on a discriminatory basis by Truly Nolen. In his petition, Martinez requested a jury trial and discovery disclosures. Along with his petition, Martinez also filed that same day the following requests: (1) a request for production of documents with 44 itemized requests; (2) a request for admissions with 13 queries; and (3) a set of interrogatories with 21 interrogatories and

2

some sub-parts. On October 6, 2017, Truly Nolen filed its original answer containing a general denial and a demand for a jury trial. Truly Nolen followed-up by making multiple discovery requests of its own, and on February 9, 2018, Martinez filed a Certificate of Written Discovery, stating that he served the following on Truly Nolen: (1) his response to eight requests for admissions; (2) his response to requests for disclosure; (3) his response to 11 requests for production; (4) his answers to 18 interrogatories; (5) his witness list; and (6) his exhibit list. Truly Nolen likewise served its response to requests for admissions, requests for production, and interrogatories, and it later supplemented its response to Martinez's requests for production.

On April 4, 2018, Truly Nolen filed its Notice of Intention to Take Deposition by Written Questions for the custodians of records for three entities, including two businesses where Martinez had previously worked. On the same day the notice was filed, Martinez filed a motion to quash praying that the trial court quash the depositions and enter a protective order prohibiting production of the requested records from the witnesses. Ultimately, depositions by written questions were completed for all three of the custodians of records and also for a separate custodian not designated in any notice. In addition, Martinez and Truly Nolen corresponded by email to coordinate depositions for six witnesses by Martinez and for the deposition of Martinez by Truly Nolen.

On May 31, 2018, the case was transferred to the 327th District Court due to the requests for a jury trial. In the trial court's scheduling order, it required discovery to be completed by March 16, 2019, and it set a jury trial for April 16, 2019. On December 14, 2018, Martinez filed another Certificate of Written Discovery stating that he served on Truly Nolen a supplemental response to requests for disclosure and a supplemental witness list.

Four days before the discovery period ended and a little over a month before trial was set

3

to begin, on March 12, 2019, Truly Nolen filed its Motion to Compel Arbitration and Stay Litigation. In its motion, Truly Nolen asserted that Martinez had agreed to arbitrate any dispute arising out of his employment and attached a copy of the arbitration agreement acceptance form signed by Martinez. Martinez filed a response contending that the motion to compel arbitration should be denied because Truly Nolen: (1) failed to mention the existence of an agreement to arbitrate or its intention to seek arbitration during any conferences had between the parties pertaining to deposition scheduling or had with the trial court pertaining to scheduling a trial date; and (2) waived its right to arbitrate by substantially invoking the judicial process and causing prejudice to Martinez. As exhibits in support of Martinez's response, he attached his original petition and Truly Nolen's answer, his motion to quash, the trial court's scheduling order, the discovery requests and responses by both parties, and the email correspondence regarding additional depositions.

A hearing on the motion to compel arbitration was held at which Truly Nolen admitted two exhibits without objection. The first was an affidavit from Truly Nolen's vice president of human resources with a copy of the arbitration agreement and its signed receipt attached. The second was a brief excerpt from the Employment Arbitration Rules guide published by the AAA instructing that an arbitrator shall have authority to order such discovery as the arbitrator considers necessary to a full and fair exploration of the issues in dispute, "consistent with the expedited nature of arbitration." Although Truly Nolen's counsel objected at the hearing that argument from Martinez's counsel was not competent evidence, Truly Nolen's counsel made no objections to any of the exhibits attached to Martinez's response to the motion to compel arbitration. Martinez presented no new evidence at the hearing.

At the conclusion of the hearing, the trial court entered an order denying Truly Nolen's motion to compel arbitration, but the court stayed the proceedings, as requested in Truly Nolen's motion, and ordered mediation between the parties. Truly Nolen then filed its notice of appeal.

**DISCUSSION**

In one issue, Truly Nolen argues that the trial court erred in denying its motion to compel arbitration because it proved the existence of a valid arbitration agreement and because Martinez then failed to satisfy his burden of proving that Truly Nolen waived its right to arbitrate by substantially invoking the judicial process and causing prejudice to him. In responding, Martinez argues to the contrary on the existence of a valid, binding agreement; and, if so, whether Truly Nolen had waived arbitration by substantially invoking the judicial process to Martinez's detriment.

### *Standard of Review and Shifting Burdens for a Motion to Compel Arbitration*

We review the trial court's denial of a motion to compel arbitration for an abuse of discretion. *Firstlight Fed. Credit Union v. Loya*, 478 S.W.3d 157, 161 (Tex. App. – El Paso 2015, no pet.). Under this standard, we defer to the trial court's factual determinations that are supported by the record and review legal questions de novo. *Id*.

A party seeking to compel arbitration must establish the existence of a valid arbitration agreement and show that the claims asserted fall within the scope of the arbitration agreement. *Ellman v. JC Gen. Contractors*, 419 S.W.3d 516, 519 (Tex. App. – El Paso 2013, no pet.). Once accomplished, the burden shifts to the party opposing arbitration to prove any alleged defenses to arbitration. *Id*. If the opposing party fails to do so, the trial court has no discretion but to compel arbitration. *Id*.

5

### *Whether a Valid Arbitration Agreement Exists*

#### *Applicable Law*

In this appeal, Martinez does not challenge Truly Nolen's burden on the scope of the arbitration agreement, and we thus proceed to determine only if a valid arbitration agreement exists. By signing an arbitration agreement, a party manifests its intent to be bound by it. *See Firstlight*, 478 S.W.3d at 167. An unsigned paper may be incorporated by reference into the paper signed by the person sought to be charged, and the language used to accomplish this incorporation is not important so long as the document signed plainly refers to the other writing. *See In re Prudential Ins.*, 148 S.W.3d 124, 135 (Tex. 2004); *see also In re McKinney*, 167 S.W.3d 833, 835 (Tex. 2005) (holding that an agreement to arbitrate was incorporated within a signature page by the signature page's reference to it). In addition, acceptance as a matter of law can be shown by an employee's conduct in continuing to work after being notified that continuing to work constitutes the employee's assent to the arbitration agreement. *See Firstlight*, 478 S.W.3d at 168. Absent fraud, misrepresentation, or deceit, a party is bound by the terms of the arbitration agreement he signed, regardless of whether he read it or thought it had different terms. *See In re McKinney*, 167 S.W.3d at 835.

#### *Application*

We observe at the outset that the acceptance form for the arbitration agreement in this case referenced the arbitration policy at issue here and thus incorporated the entirety of the policy into the acceptance form. *See In re Prudential Ins.*, 148 S.W.3d at 135; *see also In re McKinney*, 167 S.W.3d at 835. Therefore, Martinez's signature on the acceptance form proved his intent to be bound by the agreement. *See Firstlight*, 478 S.W.3d at 167. But in addition to this, the arbitration

6

policy further provided that any employee of Truly Nolen "voluntarily, knowingly and intelligently waives any right he or she may have to seek remedies in court" by accepting or continuing employment. Martinez's acceptance of employment in 2010 and continuance of employment until 2017 thus also shows acceptance of the arbitration agreement as a matter of law. *See Firstlight*, 478 S.W.3d at 168.

Despite the two means through which Martinez demonstrated his acceptance of the agreement, Martinez argues in this appeal that it is nonetheless an invalid agreement because Truly Nolen did not prove he had unequivocal notice of the terms of the arbitration agreement, contending that Truly Nolen has not proven he had the opportunity to review the agreement, to receive a copy of it, or to reach a mutual understanding. His contention that he did not have an opportunity to read it is undercut by the acceptance form's admonition to "Please Read Carefully: Acceptance of this Policy Affects your Legal Rights." In addition, his signature on the receipt and acceptance form for Truly Nolen's arbitration agreement demonstrates that he received sufficient notice of it, even if he did not receive a copy of it. *See In re Dallas Peterbilt, Ltd., L.L.P.*, 196 S.W.3d 161, 163 (Tex. 2006) (holding that an employee's signed acknowledgement of receipt of a summary of the arbitration plan gave the employee notice of the arbitration agreement, despite his claim that he did not receive the summary). Finally, his claim that he generally did not understand the agreement cannot negate his acceptance of the agreement's terms by way of his signature here without any claim of fraud, misrepresentation, or deceit committed by Truly Nolen. *See In re McKinney*, 167 S.W.3d at 835 (holding that a party's contention "that he did not understand his signature's significance" on an arbitration agreement did not negate his acceptance of the contract's terms by way of his signing the agreement).

7

Thus, we hold that Truly Nolen satisfied its burden of proving the existence of a valid arbitration agreement here and shifted the burden to Martinez to prove his alleged defense of waiver of the agreement by Truly Nolen. *See Ellman*, 419 S.W.3d at 519.

### *Whether the Judicial Process was Substantially Invoked to Martinez's Detriment*

#### *Applicable Law*

A party waives an arbitration clause by substantially invoking the judicial process to the other party's detriment or prejudice. *Perry Homes v. Cull*, 258 S.W.3d 580, 589-90 (Tex. 2008). Thus, the party asserting waiver must prove both of the following: (1) substantial invocation of the judicial process; and (2) prejudice. *See id*. at 593. Prejudice in this context refers to the inherent unfairness in terms of delay, expense, or damage to a party's legal position that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue. *Id*. at 597. Due to the strong presumption against waiver of arbitration, the hurdle of proving waiver is a high one. *Id*. at 590. However, the purpose of the presumption against finding a waiver of contractual arbitration is to preserve the purpose of the parties' agreement to obtain a speedy and inexpensive final disposition of the disputed matter. *See Tuscan Builders, LP v. 1437 SH6 L.L.C.*, 438 S.W.3d 717, 723 (Tex. App. – Houston [1st Dist.] 2014, pet. denied); *see also Perry Homes*, 258 S.W.3d at 596 (observing that arbitration reduces delay in the resolution of a case by "severely limiting" pretrial discovery); *Com-Tech Assoc. v. Comput. Assoc. Int'l, Inc.*, 938 F.2d 1574, 1578 (2nd Cir. 1991) ("To permit litigants to exercise their contractual rights to arbitrate at such a late date, after they have deliberately chosen to participate in costly and extended litigation would defeat the purpose of arbitration: that disputes be resolved with dispatch and with a minimum of expense.").

Whether a party has waived arbitration must be decided on a case-by-case basis upon an

examination of the totality of the circumstances. *Ellman*, 419 S.W.3d at 519. In making this determination, courts consider a variety of non-exhaustive factors including the following:

- Whether the party who pursued arbitration was the plaintiff or the defendant;

- How long the party who pursued arbitration delayed before seeking arbitration;

- When the party who pursued arbitration learned of the arbitration clause's existence;

- How much pretrial activity related to the merits rather than arbitrability or jurisdiction;

- How much time and expense has been incurred in litigation;

- Whether the party who pursued arbitration sought or opposed arbitration earlier in the case;

- Whether the party who pursued arbitration filed affirmative claims or dispositive motions;

- How much discovery has been conducted and who initiated the discovery;

- Whether the discovery would be useful in arbitration;

- Whether discovery would be unavailable in arbitration;

- Whether activity in court would be duplicated in arbitration;

- When the case was to be tried; and

- Whether the party who pursued arbitration sought judgment on the merits.

*Ellman*, 419 S.W.3d at 519-20.

One especially weighty factor in this determination is whether the party who sought arbitration waited until the eve of trial to do so. *See Perry Homes*, 258 S.W.3d at 584 ("[A] party cannot substantially invoke the litigation process and then switch to arbitration on the eve of trial."); *Ellman*, 419 S.W.3d at 520 (finding as "[p]erhaps the most striking of these factors" weighing in favor of finding substantial invocation of the judicial process was that the party seeking arbitration waited almost three years after the suit was filed and two and a half months

9

before the trial date to demand arbitration). The rule that one cannot wait until the "eve of trial" to request arbitration is not limited to the evening before trial, and it is instead a rule of proportion. *See Perry Homes*, 258 S.W.3d at 596; *Ellman*, 419 S.W.3d at 521.

Regarding the amount of resource-consuming litigation conducted prior to the request for arbitration, "[h]ow much litigation conduct will be 'substantial' depends very much on the context; three or four depositions may be all the discovery needed in one case, but purely preliminary in another." *Perry Homes*, 258 S.W.3d at 593 [internal footnotes omitted]. In addition, the production of a minimal amount of discovery can cut against a finding of waiver where the discovery can be useful in arbitration for the party opposing arbitration. *See Tenneco Resins, Inc. v. Davy Int'l, AG*, 770 F.2d 416, 421 (5th Cir. 1985) ("[W]hen only a minimal amount of discovery has been conducted, which may also be useful for the purpose of arbitration, the court should not ordinarily infer waiver based upon prejudice to the party opposing the motion to stay litigation[.]"); *see also Perry Homes*, 258 S.W.3d at 600 ("[A] party who *requests* lots of discovery is not prejudiced by getting it and taking it to arbitration in the same way that a party who *produces* lots of discovery outside the stricter discovery limits in arbitration."). But in any case, the party opposing arbitration is not always required to prove the cost of the discovery in order to prove prejudice. *Ellman*, 419 S.W.3d at 522.

*Substantial Invocation of the Judicial Process*

This case is one in which Truly Nolen waited until the eve of trial to request arbitration. Martinez filed his lawsuit at the end of August 2017, and it had been pending for more than a year and a half at the time Truly Nolen filed its motion to compel arbitration. Coincidentally, this filing was also done four days before the discovery period ended and a little over a month before the trial

10

date. This is despite Truly Nolen's knowledge of the arbitration agreement's existence from the outset of the lawsuit. *See Ellman*, 419 S.W.3d at 520 (holding that knowledge of the arbitration clause was imputed to the signatories to the agreement). Thus, the late filing of the motion to compel arbitration weighs heavily in favor of finding a substantial invocation of the judicial process. *See Perry Homes*, 258 S.W.3d at 584; *Ellman*, 419 S.W.3d at 520.

Turning to the amount of litigation conducted in the trial court prior to Truly Nolen's request for arbitration, the record shows the parties not only engaged in traditional discovery on the merits of the suit but also engaged in pretrial disclosures and other trial related activities. Both parties made requests for disclosures, admissions, and production of documents and served interrogatories on the other party. Both Martinez and Truly Nolen responded to requests and gave supplemental responses when necessary. Martinez also gave a witness list and exhibit list to Truly Nolen. Furthermore, Martinez filed a motion to quash the attempted written depositions by Truly Nolen. Truly Nolen proceeded to take written depositions for four custodians of records. In addition, Martinez and Truly Nolen corresponded by email to coordinate depositions for six witnesses by Martinez and for the deposition of Martinez by Truly Nolen. Although we recognize that the amount of discovery that will equate to a "substantial" level depends on the context of each case, we hold that the discovery in this case met that level. *See Perry Homes*, 258 S.W.3d at 595-96 (holding that a party conducted extensive discovery where the party deposed witnesses, requested disclosures, requested production of documents, filed motions to compel, and filed protective orders). Thus, the substantial level of pretrial litigation in this case also weighs in favor of finding a substantial invocation of the judicial process. *See Ellman*, 419 S.W.3d at 519-20 (reciting as factors the amount of discovery and pretrial litigation conducted by the parties).

11

Addressing the quantum of litigation, Truly Nolen points out that it had not filed any affirmative claims or dispositive motions and that Martinez made the first discovery requests. We note, however, that the case had already been set for jury trial after both parties had made such a request and was transferred to a district court for that purpose, when Truly Nolen filed its motion for arbitration several months later. Furthermore, we afford little weight to the matter of who initiated discovery first in light of the breadth of discovery conducted here. *Cf. Ellman*, 419 S.W.3d at 520-21 (holding that initiation of more than a minimal amount of discovery by the party seeking arbitration was more important than considering who initiated more discovery).

Truly Nolen also argues that we should minimize the weight afforded to the amount of litigation already done because "it is consistent with discovery available to and authorized through the arbitration process[,]" and Truly Nolen points to an excerpt from a guide by the AAA Employment Arbitration Rules to support its argument. Initially, we observe that Truly Nolen has not put forth any argument as to what specific parts of the discovery conducted by both parties were "consistent" with discovery available in arbitration by pointing to any particular requests or responses in the record. But aside from that, the guide provided simply states, in sparse detail, that an arbitrator has authority to order such discovery as the arbitrator considers necessary to a full and fair exploration of the issues in dispute, "consistent with the expedited nature of arbitration." Truly Nolen also cites to the precedent instructing that discovery consistent with arbitration might weigh against a finding of waiver where a minimal amount of discovery has been conducted. *See Tenneco Resins, Inc.*, 770 F.2d at 421; *see also Perry Homes*, 258 S.W.3d at 600. However, as discussed above, we find the situation in this case to be one where the discovery conducted was not minimal nor the proceedings in the trial court "consistent with the expediated nature of

12

arbitration," and we therefore find Truly Nolen's discovery-consistent-with-arbitration argument unpersuasive in light of the other factors at play here.

Ultimately, we hold that Martinez proved under a totality of the circumstances that Truly Nolen substantially invoked the judicial process based on Truly Nolen's delay until the eve of trial to request arbitration and its extensive conduct in pursuing discovery. Therefore, we now turn to consider whether Martinez proved prejudice.

*Prejudice*

The most substantial factor in our analysis here is the extraordinary delay Martinez suffered by the late request for arbitration. As earlier mentioned, Truly Nolen filed its request over a year and a half after Martinez filed his lawsuit, four days before the discovery period ended, and a little over a month before trial was set to begin. In addition, substantial discovery, along with its associated consumption of resources and its opportunity cost to Martinez's counsel, burdened Martinez here. While we observe that Martinez failed to provide evidence showing the expenses he incurred in the discovery process, we cannot deem such discovery activity costless, even if we do not here afford it as much prejudicial weight as we might otherwise with a concrete accounting of costs. *See Ellman*, 419 S.W.3d at 522 (holding that the party opposing arbitration is not always required to prove the cost of the discovery in order to prove prejudice). Finally, there is at least some minimal showing of damage to Martinez's legal position where he responded to discovery on the merits and produced pretrial disclosures to include lists of trial witnesses and exhibits.

Based on the extreme delay, undeniable expense, and at least a minimal showing of damage to his legal position, we hold that Martinez has also proved the necessary showing of prejudice here. *See Perry Homes*, 258 S.W.3d at 597 (holding that a party's conduct prejudiced the other

13

party opposing arbitration where, in part, the party got extensive discovery and delayed disposition by switching to arbitration when trial was imminent); *Ellman*, 419 S.W.3d at 522 (holding that prejudice was shown where, even though there was no evidence of how much the discovery cost, the party who sought arbitration actively initiated discovery on the merits up to the days before filing their motion to compel arbitration and waited to make their demand for arbitration until after the other party revealed its trial strategy through the filing of its witness lists); *see also Com-Tech Assoc.*, 938 F.2d at 1578 (holding that the district court's conclusion that the defendants had forfeited their contractual right to compel arbitration was supported by: (1) the proximity of trial; and (2) the defendants full participation in discovery, including the deposition of seven plaintiffs).

Thus, Martinez satisfied his defensive burden of proving that Truly Nolen substantially invoked the judicial process to his detriment. *See Ellman*, 419 S.W.3d at 519. Truly Nolen therefore waived its right to arbitrate pursuant to the arbitration agreement, and the trial court did not err in denying Truly Nolen's motion to compel arbitration. *See id.* We overrule Truly Nolen's sole issue presented for review.

## CONCLUSION

The trial court's judgment is affirmed.


GINA M. PALAFOX, Justice

February 26, 2020

Before Alley, C.J., Rodriguez, and Palafox, JJ.
Alley, C.J., concurring

14