**In re Delmar "Bo" McKINNEY and Edward D. Jones & Co., L.P. d/b/a Edward Jones.**

No. 04–0651.

Supreme Court of Texas.

July 1, 2005.

Jonathan A. Pace, Pace & Rickey, L.L.P., Robert L. Yeager III, Dallas, for relator.

Michael L. Scanes, Trenton Colby Hood, Naman Howell Smith & Lee, L.L.P., Waco, for real party in interest.

PER CURIAM.

Delmar "Bo" McKinney and Edward D. Jones & Co., L.P. *d/b/a* Edward Jones (collectively "Edward Jones") seek mandamus relief after the trial court denied their motion to compel arbitration. Because the Federal Arbitration Act requires the trial court to compel arbitration in this case, we conditionally grant their petition and order the trial court to compel arbitration in accordance with the parties' agreement.

As a young child, Keith Rohlack received a cash settlement following the death of his father. The money was invested and held in a custodial account with Edward Jones. After turning eighteen, Rohlack retitled his customer account with Edward Jones from a custodial account to one in his own name. At that time, he signed a seven-page contract, entitled "Customer Account Agreements for Full Service and Customer Loan Accounts," which authorized Edward Jones to act as Rohlack's broker and to provide Rohlack with margin loans. On the last page above Rohlack's signature, the agreement disclosed that it incorporated "a pre-dispute arbitration clause," referencing the pages on which it could be found. At those pages, the agreement provided:

ARBITRATION:

1. Arbitration is final and binding on all parties.

2. The parties are waiving their right to seek remedies in court, including the right to jury trial.

3. Pre-arbitration discovery is generally more limited than and different from court proceedings.

4. The arbitrators' award is not required to include factual findings or legal reasoning and any party's right to appeal or to seek modification of rulings by the arbitrators is strictly limited.

5. The panel of arbitrators will typically include a minority of arbitrators who were or are affiliated with the securities industry.

The signature page also acknowledged that Rohlack had "received a copy of this document."

Over the next three years, Rohlack used the money for his college and living expenses. During this same period, Rohlack's customer account suffered substantial losses from investments in technology stocks on margin. Because of these losses, Rohlack sued Edward Jones, alleging breach of contract, fraud, breach of fiduciary duty, and other claims for mishandling and loss of investments in his customer account. In response, Edward Jones filed a plea in abatement and motion to compel arbitration, urging the court to apply the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1–16, to the agreement.

The trial court, however, denied the motion to compel arbitration, concluding that

Rohlack had not agreed to arbitrate despite his signature on the agreement. The court's order was signed after an evidentiary hearing wherein Rohlack testified that he had not agreed to arbitrate and had signed the document intending only to change the account name and open a margin account. Edward Jones thereupon sought mandamus relief in the court of appeals which a divided court denied by memorandum opinion. The court of appeals concluded that it could not intervene because whether Rohlack had agreed to arbitrate was a disputed fact issue beyond the scope of mandamus relief.

 Absent fraud, misrepresentation, or deceit, a party is bound by the terms of the contract he signed, regardless of whether he read it or thought it had different terms. *EZ Pawn Corp. v. Mancias,* 934 S.W.2d 87, 90 (Tex.1996); *see also N & D Fashions, Inc. v. DHJ Indus., Inc.,* 548 F.2d 722, 727 (8th Cir.1976). Therefore, Rohlack's contention that he did not understand his signature's significance does not negate his acceptance of the contract terms. Moreover, when parties enter into an agreement based on a writing that is not ambiguous, the court will give effect to the parties' intention as expressed in the writing. *Sun Oil Co. v. Madeley,* 626 S.W.2d 726, 731 (Tex.1981). Here, the agreement that Rohlack signed recited: "THIS IS A BINDING CONTRACT. I HAVE READ IT CAREFULLY BEFORE SIGNING." It further alerted him on the signature page that it incorporated an agreement to arbitrate and explained elsewhere in the agreement what that meant. Considering these undisputed facts, the only decision that the trial court could have reasonably reached was that Rohlack, by signing the agreement, had consented to arbitrate future disputes. *See Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992) (orig.proceeding) ("clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion").

The trial court erroneously denied Edward Jones' motion to compel arbitration under the FAA. *In re FirstMerit Bank, N.A.,* 52 S.W.3d 749, 753 (Tex.2001). Accordingly, without hearing argument, we conditionally grant the writ and direct the trial court to order that all claims proceed to arbitration. Tex.R.App. P. 59.1.