

NUMBER 13-13-00295-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

VALLI CONSTRUCTION, INC.,                                    Appellant,

v.

ALVITES CONCRETE SERVICES
AND ALVITES PLUMBING INC.,                                   Appellee.

## On appeal from the 148th District Court of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion by Chief Justice Valdez**

By two issues, appellant, Valli Construction Inc. (Valli), appeals the trial court's order denying its motion to compel arbitration in favor of appellees, Alvites Concrete Services L.L.C. and Alvites Plumbing Inc. (the Alvites Parties). Valli contends that the trial court erred by: (1) overruling objections to the Alvites Parties' evidence; and (2) finding that the arbitration clause was unconscionable. We reverse and remand.

# I.  BACKGROUND

AutoNation Chevrolet Corpus Christi L.P. (AN Chevrolet) hired Valli as the general contractor to complete a construction project.  Valli subsequently hired the Alvites Parties, two small locally-owned companies, as subcontractors to work on the plumbing and concrete for the project.  Valli agreed to the Alvites Parties' bid price and instructed them to begin work on the project immediately.  There was no written contract when work began on the project.  Later the parties agreed to Subcontractors Agreements, which contained an arbitration provision stating that all claims under the agreement shall be submitted to arbitration in Santa Clara County, California.

Fox Tree & Landscape Nursery Inc. (Fox Tree) sued Valli and AN Chevrolet for claims arising out of the construction project.  Subsequently, AN Chevrolet sued Valli and its subcontractors, including the Alvites Parties.[1]  On April 18, 2012, the Alvites Parties filed a counterclaim against AN Chevrolet[2] and a cross-action against Valli, alleging breach of contract, quantum meruit, and misapplication of trust funds.  On February 15, 2013, Valli filed a motion to compel arbitration on the Alvites Parties' cross-claims.  The Alvites Parties filed a response in which they conceded that the Subcontractor Agreements contained an arbitration agreement and that the claims in their cross-action were covered by the scope of the arbitration agreement.  However, the Alvites Parties argued that they could avoid enforcement of the arbitration agreement because it was unconscionable.

---

[1] The petitions and documents relating to these lawsuits are not included in the appellate record, and they were not cited or specifically referred to in either the motion to compel arbitration or the response to the motion to compel arbitration.

[2] The petitions and documents relating to the Alvites Parties' counterclaim against AN Chevrolet are not included in the appellate record, and they were not cited or specifically referred to in either the motion to compel arbitration or the response to the motion to compel arbitration

2

The Alvites Parties presented evidence in the form of an affidavit executed by Javier Munive, their operations manager. In the affidavit, Munive stated: (1) the Alvites Parties negotiated a price to provide plumbing and concrete material and services for improvements on property owned by AN Chevrolet; (2) AN Chevrolet instructed the Alvites Parties to begin work immediately without entering into a formal contract; (3) after work began, Valli sent the Alvites Parties formal contracts; (4) the Alvites Parties attempted to discuss the terms of the contracts with Valli, but were told by a Valli representative to sign and return the contracts; and (5) the Alvites Parties signed the contracts because they had already begun work on the project. The affidavit further alleged that (1) the Alvites Parties had no real bargaining power regarding the terms of the contract; (2) the Alvites Parties did not recognize the significance and ramifications of the contract; (3) "to enforce the arbitration and venue provisions. . . would be an extreme hardship and costly" because they would have to pay an arbitrator and hire local counsel in California and because most of the witnesses live in Texas; and (4) that arbitration in California would cause substantial delay in resolving the dispute.

The trial court found the arbitration agreement unconscionable and denied Valli's motion to compel arbitration. This appeal followed.

## II.    STANDARD OF REVIEW

When reviewing an order denying arbitration, we apply a de novo standard to legal determinations and a no-evidence standard to factual determinations. *PER Group, L.P. v. Dava Oncology, L.P.*, 294 S.W.3d 378, 384 (Tex. App.—Dallas 2009, no pet.). In reviewing the trial court's factual determinations, we must credit favorable evidence if a reasonable fact finder could and disregard contrary evidence unless a reasonable fact finder could not. *Royston, Rayzor, Vickery & Williams, L.L.P. v. Lopez*, 443 S.W.3d 196,

3

201 (Tex. App.—Corpus Christi 2013, pet. filed) (orig. proceeding); *PER Group, L.P.*, 294 S.W.3d at 384.

The party asserting unconscionability bears the burden of proof. *Royston, Rayzor, Vickery & Williams, L.L.P*, 443 S.W.3d at 201; *In re Turner Bros. Trucking Co.*, 8 S.W.3d 370, 376–77 (Tex. App.—Texarkana 1999, no pet.) (orig. proceeding). Whether a contract is contrary to public policy or unconscionable at the time it is formed is a question of law. *In re Poly-Am., L.P.*, 262 S.W.3d 337, 348 (Tex. 2008) (orig. proceeding); *Hoover Slovacek LLP v. Walton*, 206 S.W.3d 557, 562 (Tex. 2006) (orig. proceeding). Because a trial court has no discretion to determine what the law is or apply the law incorrectly, its clear failure to properly analyze or apply the law of unconscionability constitutes an abuse of discretion. *In re Poly–America, L.P.*, 262 S.W.3d at 349; *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex. 1992).

### III. APPLICABLE LAW

Valli filed its motion to compel arbitration under the Federal Arbitration Act (FAA). *See* 9 U.S.C.A. § 2 (West 2013). The FAA governs arbitration clauses enforced in Texas if the parties are from different states and the subject matter involves interstate commerce. *In re L & L Kempwood Assocs., L.P.*, 9 S.W.3d 125, 127 (Tex. 1999) (orig. proceeding). Under the FAA, a written arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C.A. § 2.

"[C]ourts treat arbitration agreements under the FAA as other contracts in applying the legal rules to interpret them." *In re Olshan Found. Repair Co., LLC*, 328 S.W.3d 883, 889 (Tex. 2010) (orig. proceeding). Under Texas law, a party can avoid enforcement of a contract if it can prove that it is unconcsionable. *Id.* at 893. Unconscionability is an

4

affirmative defense to an arbitration agreement and therefore the party asserting the defense bears the burden of proof. *In re AdvancePCS Health L.P.*, 172 S.W.3d 603, 608 (Tex. 2005) (orig. proceeding).

Texas law recognizes both substantive and procedural unconscionability. *In re Palm Harbor Homes, Inc.*, 195 S.W.3d 672, 677 (Tex. 2006) (orig. proceeding). "Substantive unconscionability refers to the fairness of the arbitration provision itself, whereas procedural unconscionability refers to the circumstances surrounding adoption of the arbitration provision." *Id.* Generally, a contract is unconscionable if, "given the parties' general commercial background and the commercial needs of the particular trade or case, the clause involved is so one-sided that it is unconscionable under the circumstances existing when the parties made the contract." *In re Olshan Found. Repair Co. LLC*, 328 S.W.3d at 893 (citing TEX. BUS. & COM. CODE ANN. § 2.302, cmt. 1 (West, Westlaw through 2013 3d C.S.)). "The principle is one of the prevention of oppression and unfair surprise and not of disturbance of allocation of risks because of superior bargaining power." TEX. BUS. & COM. CODE ANN. § 2.302, cmt. 1 (internal citation omitted).

## IV.    DISCUSSION

As an initial matter, the parties dispute whether the Alvites Parties were required to show both procedural and substantive unconscionability to avoid enforcement of the arbitration agreement. In *Royston, Rayzor, Vickery & Williams, L.L.P.*, we expressly determined that a showing of both types of unconscionability was not required. 443 S.W.3d at 204. Here, we need not decide whether we should revisit that holding because we determine that the Alvites Parties have failed to satisfy their burden to prove either procedural or substantive unconscionability.

**a.    Procedural Unconscionability**

5

In their response to the motion to compel arbitration, the Alvites Parties asserted that the agreement was procedurally unconscionable because: (1) Valli is a large national construction contractor that handles multi-million dollar construction contracts while the Alvites Parties are small, locally-owned companies; and (2) the Alvites Parties had no bargaining power and no choice but to accept the arbitration agreement drafted by Valli because Valli had previously directed them to begin work on project before the Alvites Parties signed the Subcontractor Agreements.

Procedural unconscionability relates to the making or inducement of the contract, focusing on the facts surrounding the bargaining process. *Royston, Rayzor, Vickery & Williams, L.L.P.*, 443 S.W.3d at 204. In this analysis, some courts have considered whether the party seeking to compel arbitration employed sharp business practices and whether one of the parties lacked a choice in whether to enter into the agreement. See *El Paso Natural Gas Co. v. Minco Oil & Gas Co.*, 964 S.W.2d 54, 61 (Tex. App.—Amarillo 1997, pet. granted), *rev'd on other grounds sub nom. El Paso Natural Gas Co. v. Minco Oil & Gas, Inc.*, 8 S.W.3d 309 (Tex. 1999); *see also Wade v. Austin*, 524 S.W.2d 79, 87 (Tex. Civ. App.—Texarkana 1975, no writ) (holding that a contract was not procedurally unconscionable when a party had other available alternatives to signing the arbitration agreement). However, ultimately, under the FAA, unequal bargaining power does not itself establish grounds for defeating an agreement to arbitrate "absent a well-supported claim that the clause resulted from the sort of fraud or overwhelming economic power that would provide grounds for revocation of any contract." *In re AdvancePCS Health L.P.*, 172 S.W.3d at 608. The principles of unconscionability do not negate a bargain because one party to the agreement may have been in a less advantageous bargaining position. *In re Palm Harbor Homes, Inc.*, 195 S.W.3d at 679. Instead, unconscionability principles

6

are applied to prevent unfair surprise or oppression. *Id.*; *In re McKinney,* 167 S.W.3d 833, 835 (Tex. 2005) (orig. proceeding) (holding that absent fraud, misrepresentation, or deceit, parties are bound by terms of the contract they signed, regardless of whether they read it or thought it had different terms).

First, the Alvites Parties' general allegation that Valli is a large national company and that the Alvites Parties are small, locally-owned businesses does not establish that the clause resulted from "overwhelming economic power." *See In re Advance PCS Health L.P.*, 172 S.W.3d at 608. Second, the fact that the Alvites Parties had already begun construction does not support a finding that the Alvites Parties had no bargaining power and therefore had no choice but to enter into the agreement. The Alvites Parties made the initial decision to begin construction without a formal contract. While Munive, in his affidavit, contended that Valli directed the Alvites Parties to begin work immediately, there is no evidence that the Alvites Parties were coerced into beginning construction or that they were the victim of any "sharp" business practices. *See Minco Oil & Gas Co.*, 964 S.W.2d at 61. In addition, Munive's contentions that the Alvites Parties attempted to discuss the terms of the contracts with Valli, but were told by a Valli representative to sign and return the contracts, and that the Alvites Parties signed the contracts because they had already begun work on the project, do not support a conclusion that the Alvites Parties had no choice but to sign the contract. Even after choosing to begin work without signing a formal contract, the Alvites Parties could have refused to sign the arbitration agreement and attempted to recover the funds they had already expended through a claim for a breach of the oral contract or quantum meruit. For the foregoing reasons, we conclude that none of the conduct alleged in the Munive affidavit constitutes deception, fraud, misrepresentation, surprise, or oppression sufficient to prove procedural

7

unconscionability. *See In re Palm Harbor Homes, Inc.*, 195 S.W.3d at 679; *In re McKinney,* 167 S.W.3d at 835.

**b.    Substantive Unconscionability**

The Alvites Parties alleged that the arbitration agreement was substantively unconscionable because:

1) it would be excessively expensive for the [Alvites Parties] to have to arbitrate their cross claims against Valli in Santa Clara County California . . . [and]

2) It would be unfair to require the [Alvites Parties] to arbitrate their cross-claims against Valli while the [Alvites Partie's] counter-claims against the Plaintiff in the suit, AN Chevrolet Corpus Christi L.P., are not subject to arbitration. The Alvites Parties would have to pay to litigate its counter-claims against AN Chevrolet Corpus Christi L.P. in this suit while having to also pay for initiating a separate arbitration proceeding in California against Valli arising from the same project.

**1)  Unconscionability Based on Cost**

The party opposing arbitration bears the burden to show that the costs of arbitration render it unconscionable. *In re Olshan Found. Repair Co., LLC*, 328 S.W.3d at 893. When "a party seeks to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive, that party bears the burden of showing the likelihood of incurring such costs." *Id.* (citing *Green Tree Fin. Corp.-Alabama v. Randolph,* 531 U.S. 79, 92 (2000)). Texas courts likewise require "some evidence that a complaining party will likely incur arbitration costs in such an amount as to deter enforcement of statutory rights in the arbitral forum." *Id.*

In *In re Olshan*, Texas Supreme Court reasoned:

In the absence of unusual animus between the parties or external motives, plaintiffs continue to pursue claims when the expected benefits of the lawsuit outweigh the total cost of bringing it. If the total cost of arbitration is comparable to the total cost of litigation, the arbitral forum is equally accessible. Thus, a comparison of the total costs of the two forums is the most important factor in determining whether the arbitral forum is an

adequate and accessible substitute to litigation. Other factors include the actual cost of arbitration compared to the total amount of damages the claimant is seeking and the claimant's overall ability to pay the arbitration fees and costs. These factors may also show arbitration to be an inadequate and inaccessible forum for the particular claimants to vindicate their rights. However, these considerations are less relevant if litigation costs more than arbitration.

328 S.W.3d at 894–95.

Accordingly, the Court explained that,

for evidence to be sufficient, it must show that the plaintiffs are likely to be charged excessive arbitration fees. While we do not mandate that claimants actually incur the cost of arbitration before they can show its excessiveness, parties must at least provide evidence of the likely cost of their particular arbitration, through invoices, expert testimony, reliable cost estimates, or other comparable evidence. *See Poly–America*, 262 S.W.3d at 354–55 (concluding that the plaintiff's "own affidavit and that of an expert witness providing detailed estimates of the likely cost of arbitration in [the plaintiff's] case" constituted sufficient evidence); *Olshan Found. Repair Co. v. Ayala*, 180 S.W.3d 212, 215–16 (Tex. App.—San Antonio 2005, pet. denied) (holding invoice for party's share of arbitration expenses sufficient). Evidence that merely speculates about the risk of possible cost is insufficient.

*In re Olshan Found Repair Co. LLC*, 328 S.W.3d at 895. Ultimately, the *Olshan* Court overturned the denial of a motion to compel arbitration because the party seeking to avoid arbitration "provided no comparison of [the costs of arbitration] to the expected cost of litigation, the amount of their claim, or their ability to pay these costs." *Id.* at 894–97 (citing *Honrubia Props., Ltd. v. Gilliland*, No. 13-07-210-CV, 2007 WL 2949567, at *7 (Tex. App.—Corpus Christi Oct. 11, 2007, no pet.) (mem. op.) (finding that an appellee failed to show that an arbitration agreement was substantively unconscionable because the record was "devoid of evidence pertaining to the expected cost differential between arbitration and litigation in court").

Here, as their sole evidence that the costs of the arbitration proceedings rendered the arbitration clause unconscionable, the Alvites Parties provided the Munive Affidavit in

9

which Munive generally stated that "to enforce the arbitration and venue provisions . . . would be an extreme hardship and costly" because they would have to pay an arbitrator and hire local counsel in California and because most of the witnesses live in Texas. The Alvites Parties provided no specific evidence of the costs they expected to incur, the expected cost differential between arbitration and litigation in court, or their ability to pay the costs of arbitration. *See id.* They therefore provided insufficient evidence to show that the arbitration agreement was cost prohibitive. *See id.*

### 2) Unconscionability Based on Arbitration's Relationship to Other Claims

In response to the motion to compel arbitration, the Alvites Parties argued that it would be unfair to have to litigate their claims against AN Chevrolet and be involved in arbitration proceedings with Valli. The primary thrust of the Alvites Parties' argument to the trial court was that continuing their involvement in both arbitration proceedings and its lawsuit against AN Chevrolet would be cost prohibitive. However, as noted above, they have presented none of the evidence required under Texas law to indicate that arbitration would be cost prohibitive. *See id.*

On appeal, the Alvites Parties also argue that enforcement of the arbitration agreement would "unfairly burden them in the underlying suit."[3] Specifically, referring to their counter-claim against AN Chevrolet, they argue that "if the arbitration provisions are enforced, two cases with almost identical issues would be working their way through two

---

[3] The attorney for Fox Tree was present during the hearing on the motion to compel and explained that she did not see how the causes of action subject to the arbitration provision could be severable from the other causes of action involving the same subject matter because the claims had become a "procedural mishmash." Moreover, at the hearing, the attorney for the Alvites Parties generally contended that the "dispute between [AN Chevrolet] and Valli is extremely pertinent to my client's ability to collect from which of those parties—whichever of those parties committed the fraud." The trial court responded, "I am leaning toward denying the Motion to Compel arbitration. It just seems strange that we would stop this lawsuit— this portion of the lawsuit and transfer it to California for arbitration." At the end of the hearing, the trial court ruled, "Well, I'm going to find the arbitration agreement to be substantially [sic] and procedurally unconscionable and deny the motion to compel arbitration."

different systems which could result in two different conclusions." However, the Alvites Parties have directed us to no authority, and we find none, in support of their claim that unconscionability can be based on the enforced arbitration proceeding's relationship to causes of action the party attempting to avoid arbitration has against other parties or on other parties' claims arising out of the same subject matter.[4]

Moreover, in response to the motion to compel, the Alvites Parties did not refer specifically to any facts or claims made by it or other parties or provide any evidence that established that any of the claims were dependent on one another. In the sole evidence presented in support of their unconsionability claim, Munive, the Alvites Parties' operation manager, only generally contended that arbitration would cause a delay in the lawsuit. Therefore, to the extent that this is a cognizable legal argument, the Alvites Parties did not argue facts or provide relevant evidence to the trial court indicating that the arbitration proceedings and the proceedings in the trial court could render irreconcilable conclusions. Where no such showing has been made, allowing a plaintiff to avoid an arbitration clause simply because they have pending claims against another party arising out of the same subject matter could deprive defendants who contract for an arbitration provision of their statutory right to arbitration any time they are involved in multiparty litigation. Particularly given that the Alvites Parties did not provide evidence that they would be threatened with inconsistent results, we conclude that the arbitration's potential effect on the Alvites Parties' suit against AN Chevrolet, or on the other parties involved in the litigation, does

---

[4] Texas courts have compelled nonparties to a contract to arbitrate when the nonparty files suit based on a contract containing an arbitration agreement because the nonparty "subjects him or herself to the contract's terms." *In re FirstMerit Bank, N.A.,* 52 S.W.3d 749 (Tex. 2001) (orig. proceding). However, as noted above, the Alvites Parties have cited no authority, and we find none, indicating that a party to a contract may avoid terms of the contract because it is involved in litigation with nonparties to the contract arising out of the same subject matter.

not render the arbitration provision substantively unconscionable. *Id.* Because the Alvites Parties have not satisfied their burden to show that the arbitration provision is either procedurally or substantively unconscionable, we sustain Valli's second point of error.[5] *Id.*

## V.    CONCLUSION

We reverse the trial court's order and remand for proceedings consistent with this opinion.[6]

_____
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
30th day of December, 2014.

---

[5] Because we conclude that, in consideration of all the evidence admitted, the Alvites Parties did not satisfy their burden to prove that the arbitration clause was unconscionable, we need not address Valli's first issue in which it argues that the trial court erred by overruling its objections to evidence. *See* TEX. R. APP. P 47.1. Therefore, we assume without deciding that all evidence considered by the trial court was properly admitted.

[6] On June 12, 2014, Valli's attorney filed an unopposed motion to withdraw as counsel and an unopposed motion for temporary relief from the stay of proceedings in the trial court. We previously carried both motions with this case. We grant both motions and order that the stay in the trial court be lifted for the limited purpose of allowing the trial court to consider the attorney's motion to withdraw as counsel.