ACCEPTED
15-25-00024-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
5/9/2025 2:59 PM
CHRISTOPHER A. PRINE
CLERK

CASE NO. 15-25-00024-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
5/9/2025 2:59:35 PM
CHRISTOPHER A. PRINE
Clerk

IN THE COURT OF APPEALS
FOR THE FIFTEENTH DISTRICT OF TEXAS

**MIKE MORATH, TEXAS COMMISSIONER OF EDUCATION; and LA VILLA INDEPENDENT SCHOOL DISTRICT**,

*Appellants*,

v.

**DR. PAZ ELIZONDO**,

*Appellee.*

---

## REPLY BRIEF OF APPELLANT MIKE MORATH, TEXAS COMMISSIONER OF EDUCATION

---

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

ERNEST C. GARCIA
Chief, Administrative Law Division

KAREN L. WATKINS
State Bar No. 20927425
Assistant Attorney General
Administrative Law Division
Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel. (512) 475-4208
Fax (512) 320-0167
karen.watkins@oag.texas.gov

*ATTORNEYS FOR APPELLANT MIKE MORATH, TEXAS COMMISSIONER OF EDUCATION*

# TABLE OF CONTENTS

INDEX OF AUTHORITIES.................................................................................................iii

ABBREVIATIONS AND RECORD REFERENCES.................................................. iv

ARGUMENT ........................................................................................................................ 1

    I.      Nothing about La Villa ISD's local policy contradicts Texas Education Code § 21.102(b). ...................................................................... 2

    II.    Dr. Elizondo's complaint was untimely, depriving the Commissioner of jurisdiction to consider arguments that Dr. Elizondo had been entitled to a term contract ............................................ 3

    III.   In the alternative, Dr. Elizondo waived his right to complain about receiving a probationary contract. ........................................................ 6

    IV.   Dr. Elizondo's argument concerning his UDJA claim fails because the trial court dismissed the claim, and Dr. Elizondo did not appeal that decision ............................................................................. 9

CONCLUSION AND PRAYER.......................................................................................... 9

CERTIFICATE OF COMPLIANCE ............................................................................. 11

CERTIFICATE OF SERVICE ......................................................................................... 12

APPENDIX........................................................................................................................... 13

ii

## INDEX OF AUTHORITIES

**Cases**

*City of Austin v. Whittington*,
6384 S.W.3d 766 (Tex. 2012) .................................................................................... 9

*Davis v. Morath*,
624 S.W.3d 215 (Tex. 2021) ...................................................................................... 4

*Dickson v. Lilith Fund for Reproductive Equity*,
647 S.W.3d 410 (Tex. App.—Amarillo, 2021), *aff'd* 662 S.W.3d 355 (Tex. 2023) ......................................................................................................................... 4

*Higareda v. Valley View Indep. Sch. Dist.*,
Docket No. 027-R10-12-2013 (Tex. Comm'r Educ. Oct. 7, 2014) ........................... 5

*In re McKinney*,
167 S.W.3d 833 (Tex. 2005) ...................................................................................... 8

*State v. Jackson*,
376 S.W.2d 314 (Tex. 1964) ...................................................................................... 2

*S.C. v. Tex. Dep't of Family & Protective Servs.*,
No. 03-19-00965-CV, 2020 WL 6750561 (Tex. App.—Austin Nov. 18, 2020, no pet.) ........................................................................................................... 4 5

*Simani v. Hous. Indep. Sch. Dist.*,
No. 03-19-00965-CV, 2020 WL 6750561 (Tex. App.—Austin Nov. 18, 2020, no pet.) ............................................................................................................ 7

*Wittman v. Nelson*,
100 S.W.3d 356 (Tex. App.—San Antonio 2002, pet. denied) ............................. 6, 7

**Statutes**

Tex. Educ. Code
§ 21.102(b) ............................................................................................................ 2, 3
§ 21.103 ..................................................................................................................... 5

**Rules**

Tex. R. App. P. 25.1(c) ............................................................................................... 9

# ABBREVIATIONS AND RECORD REFERENCES

La Villa App. [page #]                                      Appendix to Appellant La Villa ISD's Brief

IN THE COURT OF APPEALS
FOR THE FIFTEENTH DISTRICT OF TEXAS

**MIKE MORATH, TEXAS COMMISSIONER OF EDUCATION; and LA VILLA INDEPENDENT SCHOOL DISTRICT**,

*Appellants*,

v.

**DR. PAZ ELIZONDO**,

*Appellee.*

**REPLY BRIEF OF APPELLANT MIKE MORATH,
TEXAS COMMISSIONER OF EDUCATION**

TO THE HONORABLE JUSTICES OF THE FIFTEENTH COURT OF APPEALS:

COMES NOW Appellant Mike Morath, Texas Commissioner of Education, by and through his attorneys of record, Angela Colmenero, Provisional Attorney General of the State of Texas, and the undersigned assistant attorney general, and files this brief replying to Elizondo's Brief of Appellee.

**ARGUMENT**

Dr. Elizondo frames this case as a clash between a school district's local policy and a statutory mandate. It is not. The local policy in question concerns the timeliness of grievances. The statute concerns a matter not before this Court: whether La Villa ISD could properly offer Dr. Elizondo a second-year probationary contract. Because

Dr. Elizondo's grievance was untimely, the Commissioner lacked jurisdiction to consider the merits of Dr. Elizondo's appeal.

I.     **Nothing about La Villa ISD's local policy contradicts Texas Education Code § 21.102(b).**

Dr. Elizondo initially argues that La Villa ISD's timely-complaint policy is "preempted" by Texas Education Code § 21.102(b). Elizondo Br. at 7-9. In support of that contention, Dr. Elizondo cites *State v. Jackson*, 376 S.W.2d 314 (Tex. 1964), concluding that the Legislature preempted the timely-complaint policy by enacting section 21.102(b). *Jackson* does not support Dr. Elizondo's conclusion.

The dispute in *Jackson* concerned the legislatively authorized use of certain nets in part of Galveston Bay, when the Game and Fish Commission had subsequently proclaimed use of the same type of net in the same areas was prohibited. 376 S.W.2d at 343-344. Unsurprisingly, the Supreme Court of Texas decided that, when the Legislature made use of the nets lawful, it "preempted and suspended" the Commission's power to prohibit their use. *Id.* at 346.

Here, however, Dr. Elizondo does not point to a local policy by which La Villa ISD purports to allow the use of probationary contracts under circumstances that would not be permitted by Texas Education Code § 21.102(b). In fact, Dr. Elizondo correctly notes that La Villa ISD's local policy is ***consistent with*** section 21.102(b). Elizondo Br. at 6, 11. Dr. Elizondo contends that section 21.102(b) preempts a local

2

policy concerning the time for filing complaints. *Jackson* does not support this argument because nothing in the timely-complaint policy conflicts with section 21.102(b).

Neither the Commissioner nor the trial court had to reconcile La Villa ISD's local policy about the timely assertion of complaints with section 21.102(b). The two concern entirely separate issues. Resolution of the first issue, i.e., the timeliness of Dr. Elizondo's complaint, deprived the Commissioner of jurisdiction over the second issue. Because the Commissioner resolved the first issue correctly, the trial court erred by reversing the Commissioner's decision.

## II. Dr. Elizondo's complaint was untimely, depriving the Commissioner of jurisdiction to consider arguments that Dr. Elizondo had been entitled to a term contract.

Dr. Elizondo concedes that resolution of the timeliness issue depends on whether the 15 days allowed for filing a grievance began on: (a) the day Dr. Elizondo signed the 2nd-year probationary contract; or (b) the day La Villa ISD notified him that it was terminating his employment in the best interests of the District.[1] Elizondo Br. at 16. Because the wording of Dr. Elizondo's complaint controls the answer to this

---

[1] Strangely, on the very next page of his brief, Dr. Elizondo asserts that "[t]here is no dispute that [his] "triggering" event was the notice of termination of April 26, 2021." Elizondo Br. at 17. The Commissioner could not have disputed this conclusion more clearly. *See, e.g.,* La Villa App. 266 ("Petitioner did not timely file his grievance regarding the type of contract that Respondent issued him in April 2020. The timeline for Petitioner to file a grievance under the policy began when he was issued a probationary contract, not a year later in April 2021, when [La Villa ISD] notified [Dr. Elizondo] that it was terminating his contract."); *see also* Commissioner's Br. at 7-9 (reviewing facts supporting the Commissioner's timeliness decision).

3

question, the focus should be on that language and not what Dr. Elizondo argues in his brief.

When asked to state his complaint, including the individual harm alleged, Dr. Elizondo wrote that: "La Villa ISD administration provid[ed him] a probationary contract by mistake instead of a term contract for the 2020-2021 school year." La Villa App. 109. The complaint does not mention either the notice of termination or the greater protections against termination provided by a term contract.

Despite his own words, Dr. Elizondo now argues he was triggered to file his complaint by the notice of termination he received on April 26, 2021. Elizondo Br. at 17. He argues, in other words, that he was not aware of the contract's effect until he received the notice of termination. Elizondo Br. at 16 (citing *Davis v. Morath*, 624 S.W.3d 215 (Tex. 2021)). But this assertion is not correct, either legally or factually. Dr. Elizondo's signature on his 2nd-year probationary contract shows that he is charged with knowledge of its contents, including the termination provision, and therefore knew that La Villa ISD could terminate his employment if the Board decided that it was in La Villa ISD's best interests to do so. La Villa App. 40, ¶ 9.

Furthermore, Dr. Elizondo was – as Texans have long been – presumed to know the law. *Dickson v. Lilith Fund for Reproductive Equity*, 647 S.W.3d 410, 417 (Tex. App.—Amarillo, 2021), *aff'd* 662 S.W.3d 355 (Tex. 2023); *S.C. v. Tex. Dep't of Family & Protective Servs.*, No. 03-19-00965-CV, 2020 WL 6750561, *3 (Tex. App.—Austin Nov. 18, 2020,

4

no pet.) ("'[t]he rule is too elementary to require the citation of authority that all persons are conclusively presumed to know the law.'"). Consequently, he was conclusively presumed to know the legal consequences of entering into a probationary contract rather than a term contract, on the day that he signed the 2nd-year probationary contract.[2] Substantially more days than 15 passed before Dr. Elizondo submitted a complaint that he had been provided the wrong type of contract.

Finally, Dr. Elizondo argues that the Commissioner's determination that Dr. Elizondo's complaint was untimely fails to follow the Commissioner's own precedent. Elizondo Br. at 10-11. The case that Dr. Elizondo identifies as inconsistent with the Commissioner's decision in this case is *Higareda v. Valley View Indep. Sch. Dist.*, Docket No. 027-R10-12-2013.[3] There are two significant distinctions between the decision in *Higareda* and the one below. First, the *Higareda* record from the proceedings before the Valley View ISD Board contained no evidence of the content of that school district's grievance policy, so the Commissioner could not determine whether the grievance was timely. App. A at 4. Second, the date of execution of the contract could not have triggered the filing of the grievance in *Higareda* because, as the parties agreed, there was

---

[2] A board of trustees may decide to terminate the employment of a teacher with a probationary contract at the end of the contract period if the best interests of the district will be served by doing so. Tex. Educ. Code § 21.103. The board's decision in such a matter is final, and there is no right of appeal. *Id.*

[3] A true and complete copy of the decision in Docket No. 027-R10-12-2013 is appended to this Reply Brief as Appendix A.

5

no fully executed contract. App. A at 5. The Commissioner did not deviate from precedent by finding he lacked jurisdiction in this case. Here, it is undisputed that: (a) Dr. Elizondo had a fully executed 2nd-year probationary contract with La Villa ISD; and (b) La Villa ISD's DGBA (LOCAL) Complaints policy is in the record. La Villa App. 150-57. These factual differences fundamentally distinguish the decision in *Higareda.*

Based on the facts reflected in the record (including Dr. Elizondo's description of his own complaint) and Dr. Elizondo's presumed knowledge, the Commissioner correctly determined that Dr. Elizondo's complaint was not timely filed, depriving the Commissioner of jurisdiction to consider the merits of Dr. Elizondo's "wrong contract type" argument.

## III. In the alternative, Dr. Elizondo waived his right to complain about receiving a probationary contract.

Dr. Elizondo devotes four pages of his brief to "the waiver argument." Elizondo Br. at 12-15. The gist of his arguments is that the Commissioner erred by concluding that Dr. Elizondo voluntarily relinquished a right he knew about, understanding fully the consequences of foregoing that right. For several reasons, Dr. Elizondo's contention is simply wrong.

First, Dr. Elizondo asserts that the Commissioner's reliance on *Wittman v. Nelson*, 100 S.W.3d 356 (Tex. App.—San Antonio 2002, pet. denied), is erroneous because Wittman "was accused of serious misconduct [with] a student." Elizondo Br. at 12.

6

Dr. Elizondo is correct about Wittman's conduct; she "was alleged to have verbally harassed a six-year-old student, causing the student to cry uncontrollably." 100 S.W.3d at 358. But Wittman's conduct had no bearing on whether, under the same principles that apply here, she had "agreed to the terms of a probationary contract and accepted the salary and benefits paid to her under the terms of that contract," *id.* at 360, thereby waiving any right she had to complain about the type of contract she had entered into.

Dr. Elizondo next argues that the Commissioner also erred by relying on the decision in *Simani v. Houston Independent School District*, TEA Docket No. 021-R10-03-2019, 2019 WL 4393596 (Aug. 30, 2019), because that case involved a dispute about whether Simani was entitled to a term contract. Elizondo Br. at 13. But the central issue in that case was not Simani's qualifications. Nothing about her qualifications affected the Commissioner's determination that, by executing a probationary contract and accepting its salary and benefits, Simani had waived her right to complain that she was entitled to a different type of contract. *See Simani*, 2019 WL 4393596 at *5-*6.

Incredibly, Dr. Elizondo next argues that he had no "inkling" that he had a probationary contract, rather than a term contract, until he received the notice of termination of his employment at the end of the year, and that the record is "bereft" of evidence to establish that he "intelligently, voluntarily, and knowingly relinquished a known right." Elizondo Br. at 13. These statements are simply not correct. The contract Dr. Elizondo signed was entitled "Second-Year Probationary Contract." La

7

Villa App. 131. It also recited that the Board could terminate Dr. Elizondo's employment at the end of the contract period just by determining that it was in the district's best interests to do so. La Villa App. 133. That is evidence that, when coupled with the recitation that Dr. Elizondo had "read this Contract and agree[d] to abide by its terms and conditions," La Villa App. 133-34, Dr. Elizondo had actual knowledge of the type of contract he was signing on the day he signed it. Even if Dr. Elizondo had been unable to read the contract for himself, when he signed it, in the absence of fraud, misrepresentation, or deceit, he became charged with knowledge of its contents. *See In re McKinney*, 167 S.W.3d 833, 835 (Tex. 2005). Dr. Elizondo alleged none of those things.

Dr. Elizondo focuses on the absence of a document for him to sign indicating that he knew he was signing a probationary contract and foregoing the right to sign a term contract. In other words, Dr. Elizondo argues that the District should have identified its mistake in offering him a term contract and drawn his attention to that mistake, asking him to acquiesce in it. Because the District did not do that, Dr. Elizondo contends that his own actions inconsistent with his claiming an entitlement to a term contract cannot be held against him. This argument is unavailing. The facts show that Dr. Elizondo had actual knowledge of the type of contract he was signing, and he, like all other Texans, is charged with knowledge of the law. As a result, Dr. Elizondo was responsible for protecting his own rights. When he chose to sign the

8

probationary contract and accept its compensation and benefits without demurral of any kind, he waived his right to argue that he had been entitled to a term contract.

**IV.   Dr. Elizondo's argument concerning his UDJA claim fails because the trial court dismissed the claim, and Dr. Elizondo did not appeal that decision.**

At pages 19-20 of his appellee's brief, Dr. Elizondo argues that the trial court correctly refused to dismiss his UDJA claim against the Commissioner and the District. Appellee's Br. at 19-20.  This argument is unavailing because: (a) in its Second Amended Final Judgment the trial court expressly granted the Appellants' pleas to the jurisdiction and dismissed Dr. Elizondo's UDJA claim; and (b) Dr. Elizondo did not file a notice of appeal to challenge the dismissal of his claim.  *See* Tex. R. App. P. 25.1(c); *City of Austin v. Whittington*, 384 S.W.3d 766, 789 (Tex. 2012).  As a result, this part of Dr. Elizondo's brief of appellee should be disregarded.

## CONCLUSION AND PRAYER

For all of the foregoing reasons, the Commissioner respectfully requests that this honorable Court reverse the trial court's judgment as to Elizondo's claim for judicial review of the Commissioner's decision and, instead, render judgment affirming that decision.  The Commissioner also requests that the Court grant him such other and further relief, at law or in equity, to which he may be entitled.

Respectfully submitted,

KEN PAXTON
Provisional Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

ERNEST C. GARCIA
Chief, Administrative Law Division

*/s/ Karen L. Watkins*
KAREN L. WATKINS
Assistant Attorney General
State Bar No. 20927425

OFFICE OF THE ATTORNEY GENERAL
Administrative Law Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone:   (512) 475-4208
Facsimile:    (512) 320-0167
karen.watkins@oag.texas.gov

*Counsel for Appellant Mike Morath,*
*Texas Commissioner of Education*

10

# CERTIFICATE OF COMPLIANCE

I certify that this document was produced on a computer using Microsoft Word and contains 2,198 words, as determined by the computer software's word-count function, excluding the sections of the document listed in Texas Rule of Appellate Procedure 9.4(i)(1).

*/s/ Karen L. Watkins*
KAREN L. WATKINS
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Appellant Morath's Reply Brief* has been served on the following Appellee by e-service and email on this 9th day of May 2025:

RUBEN R. PEÑA
State Bar No. 15740900
LAW OFFICES OF RUBEN R. PEÑA, P.C.
222 W. Harrison, Suite B
Harlingen, Texas 78550
Tel.:   (956) 496-2060
ruben@rubenpenalaw.com

COUNSEL FOR APPELLEE,
DR. PAZ ELIZONDO

Eden Ramirez
Texas Bar No. 24112355
*eramirez@808west.com*
O'Hanlon, Demerath & Castillo, PC
426 W. Caffery
Pharr, TX 78577
Tel: (956) 318-0555
Fax: (956) 318-1955

David J. Campbell
*dcampbell@808west.com*
State Bar No. 24057033
THOMPSON & HORTON LLP
8300 N. MoPac Expressway, Suite 220
Austin, Texas 78759
(512) 825-3114
(713) 583-8884 (fax)

COUNSEL FOR APPELLANT LA VILLA
INDEPENDENT SCHOOL DISTRICT

*/s/ Karen L. Watkins*
KAREN L. WATKINS
Assistant Attorney General

# APPENDIX

**App. A** - *Higareda v. Valley View Indep. Sch. Dist.*, Docket No. 027-R10-12-2013

# APPENDIX A

*Higareda v. Valley View Indep. Sch. Dist.*,
Docket No. 027-R10-12-2013

| | | |
|---|---|---|
| ISMAEL HIGAREDA | § | BEFORE THE |
| | § | |
| | § | |
| V. | § | COMMISSIONER OF |
| | § | EDUCATION |
| | § | |
| VALLEY VIEW INDEPENDENT | § | |
| SCHOOL DISTRICT | § | THE STATE OF TEXAS |

## DECISION OF THE COMMISSIONER

### Statement of the Case

Petitioner, Ismael Higareda, complains of actions and decisions of Respondent, Valley View Independent School District. Laura Moriaty is the Administrative Law Judge appointed by the Commissioner of Education to preside over this cause. Petitioner is represented by Dohn Larson, Attorney at Law, Austin, Texas. Respondent is represented by Renee Betancourt, Attorney at Law, Edinburg, Texas.

The central issue in this case is that a classroom teacher cannot be an at-will employee, even in the absence of a written employment contract. When a school district board of trustees fails to approve a probationary, term or continuing contract for a classroom teacher, the board is in violation of chapter 21 of the Texas Education Code, which requires that all teachers must be employed under a written contract. The Commissioner has jurisdiction over the case not as an employment contract matter under Texas Education Code section 7.057(a)(2)(B), but as a violation of the school laws of Texas under Texas Education Code section 7.057(a)(2)(A).

### Findings of Fact

After due consideration of the record and matters officially noticed, it is concluded that the following Findings of Fact are supported by substantial evidence and are the Findings of Fact that best support Respondent's decision:

1. Respondent employed Petitioner as a classroom teacher under probationary contracts for the 2010-2011 and 2011-2012 school years. Petitioner resigned at the end of the 2011-2012 school year, and then started working for Respondent as a classroom teacher again at the start of the 2012-2013 school year.

2. Petitioner and Respondent both agree that under Texas Education Code chapter 21 and Respondent's policies, Petitioner was only eligible for a term contract at the start of the 2012-2013 school year. Both parties agree that Petitioner was not eligible for a probationary contract under Texas Education Code section 21.102.

3. Under its local policy DC (LOCAL), Respondent's Board of Trustees ("Board") "retains final authority for the employment of contractual and noncontractual personnel."

4. The Board did not delegate authority to contract with employees on its behalf.

5. On January 11, 2013, Respondent's employee or a member of Respondent's Board presented Petitioner with a probationary contract for the 2012-2013 school year ("Contract"), and Petitioner signed the Contract.

6. The Board neither approved nor signed the Contract. Respondent and Petitioner agree that as a result, there was no written contract between Respondent and Petitioner for the 2012-2013 school year.

7. Petitioner worked for Respondent as a classroom teacher throughout the 2012-2013 school year.

8. On April 22, 2013, the Board voted to terminate Petitioner at the end of the 2012-2013 school year as "an employee currently employed under an Education Code Chapter 21 probationary contract."

9.     Petitioner filed a formal grievance with Respondent on May 14, 2013, asserting, "I do not have a fully executed contract for the 2012-2013 school year—the contract on which the district relies is not signed by the board...My employment status with the district should be construed as if I held a term contract."

10.    There is no evidence in the record that Petitioner knew or should have known prior to filing his grievance that the Board had not voted to approve the Contract.

11.    There is no evidence of Respondent's local grievance policy in the local record.

## Discussion

Texas public school teachers must be employed under one of three different contracts: (1) a probationary contract; (2) a continuing contract; or (3) a term contract (collectively, "Chapter 21 contract"). TEX. EDUC. CODE §21.002. A classroom teacher cannot be employed as an at-will employee. *Nield v. Beaumont Indep. Sch. Dist.,* Docket No. 024-R10-1110 (Comm'r Educ. 2012) (holding that a classroom teacher is entitled to a a probationary, continuing or term contract under chapter 21 of the Texas Education Code even if the teacher is working under an unwritten contract that appears to be at-will). Under a probationary contract, the board of trustees may terminate the teacher's employment at the end of the contract period without advance notice or an opportunity for a hearing if the district believes its best interests will be served by terminating the employment. TEX. EDUC. CODE §21.103. Under a term contract, a teacher is entitled to notice and a hearing if a school district intends not to renew the teacher's contract. TEX. EDUC. CODE §§21.206-21.209. The Texas Education Code severely restricts which teachers receive a probationary contract: no teacher can be in a probationary contract for more than the first four years of employment with a school district, and any teacher that has taught for at least five of the last eight years cannot have a probationary contract for more than one year. TEX. EDUC. CODE §21.102.

Petitioner and Respondent agree that under chapter 21 of the Texas Education Code ("Chapter 21"), Petitioner was not legally eligible to receive a probationary contract for the 2012-2013 school year. Respondent argues that Petitioner's claim arose when he signed a document labelled "Probationary Contract" because he should have known at that point that Respondent was in violation of Chapter 21 and that he was subject to firing as a probationary contract employee, without advanced notice or a hearing. Respondent asserts that Petitioner should have filed a grievance within 15 days of signing the Contract, and since he failed to do so, the Commissioner has no jurisdiction over Petitioner's claim. Petitioner counters that because Respondent never adopted the Contract, there was no probationary contract for him to grieve. Petitioner argues that without a written contract, he became by default a term contract employee because a term contract was the only possible contract he could have as a matter of law under Chapter 21. Petitioner further argues that his claim did not arise until Respondent improperly terminated his term contract, so his grievance was timely and the Commissioner has jurisdiction over his appeal.

Timeliness of Grievance

Respondent asserts that the Commissioner does not have jurisdiction over the case because Petitioner did not timely file a grievance after he signed the Contract, but there is no evidence in the local record of what Respondent's grievance policy required. Although Respondent's decisions on Petitioner's grievance reference the policy requirements, the policy itself is absent from the local record. Decisions made by a finder of fact cannot serve as evidence of the facts described therein. *See, e.g., Chilton v. Alvin Indep. Sch. Dist.,* Docket No. 031-R10-0107 (Comm'r Educ. 2009). The Commissioner must make his decision based only on "a review of the record developed at the district level under a substantial evidence standard of review." TEX. EDUC. CODE §7.057(c). The local record in this case does not contain substantial evidence to support Respondent's holding that

Petitioner failed exhaust administrative remedies by filing a grievance after Respondent's local grievance deadline. The Commissioner therefore has jurisdiction over this case.

Even if the local grievance policy was a part of the administrative record, Respondent's focus on the Contract as the triggering event for Petitioner's grievance is misplaced. Both parties agree that there is no written contract in this case because the Board failed to approve the Contract. The fact that Petitioner once signed a document that purported to be a probationary contract when he was legally entitled to a term contract is irrelevant when no probationary contract agreement ever actually existed between the parties. Respondent did not violate the Texas Education Code by showing Petitioner a document purporting to be a probationary contract and allowing him to sign it. Instead, Respondent violated Chapter 21 by failing to approve any contract at all for Petitioner. There is no evidence in the record that shows Petitioner knew or should have known before he filed his grievance that the Board had failed to approve his contract. Petitioner therefore properly exhausted his administrative remedies at the local level.

Jurisdiction Without Written Contract

Respondent relies heavily on *Garza v. Jim Hogg County Indep. Sch. Dist.*, Docket No. 001-R2-901 (Comm'r Educ. 2002), to support its position that the Commissioner does not have jurisdiction over this case because there was no written contract. *Garza* involved a school superintendent who did not receive a written employment contract from the school district, worked as a superintendent for most of the school year, and then was terminated without notice or hearing. *Id.* The Commissioner in *Garza* held that he did not have jurisdiction over the case under Texas Education Code section 7.057(a)(2)(B), which gives the Commissioner jurisdiction over violations of written employment contracts between school districts and school distict employees, because there was no written employment contract. *Id.* That same principle applies in this case—the Commissioner does not have jurisdiction under Texas Education Code section 7.057(a)(2)(B) because there was no

written employment contract between Petitioner and Respondent. The Commissioner does not have the ability to interpret or enforce unwritten employment contracts, so the Commissioner cannot determine whether Petitioner was improperly terminated in this case. *See, e.g., Cooper v. Paris Indep. Sch. Dist.* Docket No. 83-R2-197 (Comm'r Educ. 1997) (holding that when there was no written contract, the Commissioner could not enforce contract termination requirements against a school district); *see also, Hudson Indep. Sch. Dist. v. Lassiter*, Docket No. 251-TTC-897 (Comm'r Educ. 1998) ("Since there was no written contract between Petitioner and Respondent, the Commissioner cannot take action against Respondent...for abandonment of contact."). The Commissioner does not have jurisdiction under Texas Education Code section 7.057(a)(2)(B) to determine or enforce termination rights for the unwritten contract Petitioner claims in this case.

However, Texas Education Code section 7.057(a)(2)(A) provides entirely separate grounds for the Commissioner's jurisdiction: the actions or decision of a school board that violate the school laws of this state. In *Garza,* the Commissioner considered jurisdiction under section 7.057(a)(2)(A), but looked only to whether the school district had violated Texas Education Code chapter 21, subchapter E by failing to follow the notice and hearing requirements for a term-contract employee. The Commissioner found that the school district had not violated the term contract termination requirements because there was no evidence that the superintendent in *Garza* had a term contract. Notably, the Commissioner did not consider or address in *Garza* whether the school district violated Texas Education Code section 21.002—which requires that a school district employ each classroom teacher under a probationary, continuing, or term contract—because that provision does not apply to superintendents. As this case does involve a classroom teacher, Texas Education Code section 21.002 applies here, rendering *Garza* inapposite. More on point is *Gonzalez v. Donna Indep. Sch. Dist.,* Docket No. 074-R10-605 (Comm'r Educ. 2007), a case involving a classroom teacher where the Commissioner held:

> While there may be no written contract, Petitioner has reported to work and Respondent has paid him. There is a contract between Petitioner and Respondent. While the Commissioner lacks jurisdiction over this case based on Texas Education Code section 7.057 (a)(2)(B) because there is no written contract, the Commissioner does have jurisdiction over this case based on Texas Education Code section 7.057 (a)(2)(A) because Petitioner alleges violations of the school laws of this state.

In this case, the Commissioner has jurisdiction section 7.057(a)(2)(A) to determine whether Respondent violated Texas Education Code section 21.002 by failing to employ Petitioner under a Chapter 21 contract.

Chapter 21 Contract

Respondent's failure to employ Petitioner under any of types of contracts listed in Texas Education Code section 21.002 is a violation of the school laws of Texas. In its decision on Petitioner's grievance, the Board held that Petitioner was an at-will employee because there was no executed written employment contract. The Board was wrong: the Commissioner has previously held that a teacher employed by a school district to teach without a written contract cannot be an at-will employee and must be given a Chapter 21 contract. *Nield v. Beaumont Indep. Sch. Dist.*, Docket No. 024-R10-1110 (Comm'r Educ. 2012). In failing to approve any Chapter 21 contract for Petitioner, the Board violated Texas Education Code section 21.002. As a result, the Board must approve a Chapter 21 contract for Petitioner.

Conclusion

Respondent violated the school laws of Texas not when its superintendent gave Petitioner an unauthorized document labeled "Probationary Contract" and allowed him to sign it, but rather when the Board failed to approve any valid Chapter 21 contract to employ Petitioner as a teacher. Respondent's local grievance policies were not included in the local record, so there is not substantial evidence to support Respondent's argument that Petitioner failed to exhaust administrative remedies by filing his grievance too late.

Moreover, there is no evidence in the record to show that Petitioner discovered before he filed his grievance that the Board had not approved his contract, so there is no evidence to dispute his assertion that his grievance was timely. Respondent employed Petitioner as a classroom teacher, so Respondent was legally obligated to give Petitioner a Chapter 21 contract—classroom teachers cannot be at-will employees. Respondent must give Petitioner a Chapter 21 contract for the 2012-2013 school year.

Exceptions

Both Petitioner and Respondent filed Exceptions to the Proposal for Decision. Petitioner excepted to a finding of fact that stated it was Respondent's Superintendent that gave Petitioner the Contract, because the record shows it was a member of Respondent's Board, and requested that the Commissioner add additional Conclusions of Law regarding Petitioner's contractual relationship with Respondent during the 2013-2014 school year. Respondent argued that the Proposal for Decision inappropriately held that there was an oral contract in this case, set incorrect terms for that contract, and disregarded Respondent's interpretation of its own grievance policy with regard to when Petitioner should have filed a formal grievance.

Petitioner is correct that Findings of Fact 4 and 5 incorrectly named the Superintendent as the person who gave Peitioner the Contract. In fact, there is no evidence in the local record showing precisely which person associated with Respondent gave Petitioner the Contract. Petitioner cites the Board's findings of fact in this case, but the findings of fact from Respondent's Board cannot serve as evidence of the facts they describe. *See, e.g., Chilton v. Alvin Indep. Sch. Dist.,* Docket No. 031-R10-0107 (Comm'r Educ. 2009). The Findings of Fact have been amended accordingly.

Petitioner is incorrect in asserting that the Commissioner should make Conclusions of Law regarding the contractual relationship between Petitioner and Respondent during the 2013-2014 school year. There is no evidence in the local record to support findings beyond the 2012-2013 school year. Petitioner is welcome to pursue the grievance process

with Respondent to develop a local record regarding the contractual relationship between Petitioner and Respondent during the 2013-2014 school year in light of this decision, but that record is not currently before the Commissioner in this appeal. No other changes will be made in response to Petitioner's Exceptions.

With regard to Respondent's concerns about the oral contract, the question of whether an oral contract existed between the parties is irrelevant to the fact that Respondent violated the Texas Education Code by failing to employ Petitioner under a written Chapter 21 contract. The Conclusion of Law on the existence of an oral contract has therefore been removed from the Decision of the Commissioner. However, Respondent is incorrect that the Conclusions of Law, which state Petitioner is entitled to a term contract for the 2012-2013 school year and to be paid as a term contract employee was paid in accordance with Respondent's policies during that period, are somehow setting the terms for a contract that never existed. Rather, these Conclusions of Law merely require Respondent to fulfill its legal obligation under the Texas Education Code to provide its teachers with Chapter 21 contracts and the benefits attendant thereto. The Commissioner has not specified precisely what Petitioner should have been paid—only that it should be what a Chapter 21 contract employee in his position was due under Respondent's policies for the 2012-2013 school year. In doing so, the Commissioner is not interpreting an existing contract, but simply stating the impact of Respondent fulfilling the requirements of the Texas Education Code. To avoid any confusion or misinterpretation, although Petitioner and Respondent agree that Petitioner could only be employed under a term contract according to their mutual interpretation of Respondent's policies and Chapter 21, the Conclusions of Law have been amended to refer only to a Chapter 21 contract. No other changes to the Proposal for Decision are necessary in response to Respondent's Exceptions regarding the existence of Petitoner's contract.

Respondent also excepts to Finding of Fact 10, on the grounds that it incorrectly fails to defer to Respondent's interpretation of its own local grievance policy. As an initial

matter, Respondent's local grievance policy was not included in the local record for this case, and is therefore not properly before the Commissioner. Therefore, all references to specific requirements under Respondent's local grievance policy that appeared in the Proposal for Decision have been removed. The discussion of the grievance policy has been amended to hold that there is no substantial evidence in the record of what Respondent's local grievance policy was. Without this evidence in the local record, Respondent cannot show that Petitioner failed to exhaust his administrative remedies by missing the grievance deadline.

But regardless of what specific deadlines Respondent's local grievance policy gave for filing a formal grievance, the parties agree that the operative question to determine if Petitioner has exhausted administrative remedies is whether Petitioner knew or should have known about the cause of his grievance significantly before he filed the grievance. While Finding of Fact 10 may have been unclearly worded, the Commissioner's finding is that Petitioner did not have reason to know before he filed his grievance with Petitioner that the Board had failed to approve his contract, nullifying the contract. The wording of Finding of Fact 10 has been revised in an effort to make it clearer. Aside from those described above, no other changes will be made to the Proposal for Decision in response to Respondent's Exceptions.

### Conclusions of Law

After due consideration of the record, matters officially noticed, and the foregoing Findings of Fact, in my capacity as Administrative Law Judge, I make the following Conclusions of Law:

1. The Commissioner of Education has jurisdiction over this cause under Texas Education Code section 7.057(a)(2)(A).

2. Petitioner does not have a written contract with Respondent.

3. Petitioner filed his grievance timely.

4.     Texas school districts cannot employ classroom teachers as at-will employees.

5.     The contractual requirements of Chapter 21 of the Texas Education Code are mandatory.

6.     Petitioner is entitled to a written Chapter 21 contract for the 2012-2013 school year.

7.     Petitioner is entitled to the amount of pay that he should have received for the written Chapter 21 contract had it existed during the 2012-2013 school year under Texas Education Code section 21.402 and Respondent's policies, less the amount of pay that he has already received.

8.     Petitioner is entitled to accrue the Teachers Retirement System contributions that Respondent should have made for the written Chapter 21 contract had it existed during the 2012-2013 school year, less any contributions Respondent already made for Petitioner.

9.     Petitioner's appeal should be granted as specified. Any relief not explicitly granted should be denied.

### ORDER

After due consideration of the record, matters officially noticed, and the foregoing Findings of Fact and Conclusions of Law, in my capacity as the Commissioner of Education, it is hereby

ORDERED that the Petitioner's appeal be, and is hereby, GRANTED, and

FURTHER ORDERED that Respondent shall reinstate Petitioner as if he had a written Chapter 21 contract for the 2012-2013 school year, and pay all resulting back pay and

benefits owed under such a contract in accordance with Respondent's polices that has not already been paid to Petitioner.

SIGNED AND ISSUED this 7th day of October, 2014.

MICHAEL WILLIAMS
COMMISSIONER OF EDUCATION

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jeff Lutz on behalf of Karen Watkins
Bar No. 20927425
jeff.lutz@oag.texas.gov
Envelope ID: 100663587
Filing Code Description: Motion
Filing Description: 2025 0509 Unopposed MET to File Reply Brief
Status as of 5/9/2025 3:11 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ruben Pena | 15740900 | ruben@rubenpenalaw.com | 5/9/2025 2:59:35 PM | SENT |
| Jeff Lutz | | jeff.lutz@oag.texas.gov | 5/9/2025 2:59:35 PM | SENT |
| Karen Watkins | | karen.watkins@oag.texas.gov | 5/9/2025 2:59:35 PM | SENT |
| Kristy Alonzo | | kalonzo@thompsonhorton.com | 5/9/2025 2:59:35 PM | SENT |
| David J.Campbell | | dcampbell@thompsonhorton.com | 5/9/2025 2:59:35 PM | SENT |
| Kate French | | kfrench@thompsonhorton.com | 5/9/2025 2:59:35 PM | SENT |